KEVIN L. ROBINSON, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 258, 2008.
Supreme Court of Delaware.
Submitted: June 18, 2008.
Decided: September 2, 2008.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Carolyn Berger, Justice
This 2nd day of September 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Kevin L. Robinson, filed this appeal from the Superior Court's May 6, 2008 summary dismissal of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Robinson's opening brief that the appeal is without merit. We agree and affirm.
(2) In July 1990, Robinson was indicted on charges of Unlawful Sexual Intercourse ("USI") in the First Degree, Kidnapping in the First Degree, Robbery in the First Degree and Assault in the Third Degree. On March 25, 1991, with the assistance of an assistant public defender and (according to Robinson) an interpreter, Robinson, who apparently is deaf, pled guilty to first degree USI.[2] The plea agreement provided that in exchange for Robinson's guilty plea to first degree USI the State would enter a nolle prosequi on the remaining charges, would not oppose immediate sentencing, and would recommend that Robinson's sentence not exceed the fifteen-year minimum mandatory sentence for the offense of first degree USI.[3]
(3) Robinson's sentencing was deferred pending a presentence investigation. On June 7, 1991, the Superior Court sentenced Robinson to life in prison. Robinson did not appeal.
(4) In January 2008, nearly seventeen years after his guilty plea and sentencing, Robinson filed a pro se motion for postconviction relief. Robinson asserted that his guilty plea was involuntary as a result of ineffective assistance of counsel. Fairly summarized, Robinson claimed that his counsel ignored his requests, made nearly seventeen years earlier, to file a motion to withdraw the guilty plea.[4]
(5) By order dated May 6, 2008, the Superior Court summarily dismissed Robinson's postconviction motion, ruling that the motion was procedurally barred as untimely under Rule 61(i)(1).[5] This appeal followed.
(6) After careful consideration of Robinson's opening brief, the State's motion to affirm and the Superior Court record, we have concluded that the judgment of the Superior Court should be affirmed on the basis of and for the reasons provided in the May 6, 2008 denial of postconviction relief.[6] We agree with the Superior Court that Robinson's postconviction motion, coming nearly seventeen years after his guilty plea and sentencing, and in the absence of Robinson's showing of a colorable claim, was appropriately subject to summary disposition pursuant to Rule 61(i)(1).[7]
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] State v. Robinson, 2008 WL 1961206 (Del. Super. Ct.).
[2] The Court has no reason to doubt the existence or extent of Robinson's hearing impairment but can discern only one brief reference in the existing Superior Court record to Robinson's disability.
[3] Unlawful Sexual Intercourse in the First Degree was a class A felony that required a minimum sentence of at least fifteen years and a maximum sentence of life in prison. Del. Code Ann. tit. 11, § 775 (repealed and replaced in 1998 with current tit. 11, § 773) (71 Del. Laws, c. 285)); Del. Code Ann. tit. 11, § 4205(b)(1) (2007).
[4] In his postconviction motion, Robinson alleges that he contacted his counsel in April 1991 (after the March 1991 guilty plea proceeding but prior to the June 1991 sentencing) because he had "reservations" about the fifteen-year sentence recommended by the State. In his opening brief on appeal, Robinson alleges that he contacted his counsel after the June 1991 sentencing.
[5] See Del. Super. Ct. Crim. R. 61(i)(1) (barring claim filed more than three years after judgment is final) (amended 2005 to reduce filing period to one year).
[6] It does not appear that Robinson requested the preparation of transcripts of the March 1991 guilty plea proceeding and/or June 1991 sentencing. It is the appellant's duty to provide this Court with those portions of the record that are necessary for an effective review of any issue raised on appeal. Tricoche v. State, 525 A.2d 151, 154 (Del. 1987).
[7] See Del. Super. Ct. Crim. R. 61(i)(5) (providing relief from 61(i)(1) procedural bar if movant demonstrates a colorable claim that there was manifest injustice because of a constitutional violation).