EUGENE HICKERNELL, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 260, 2009.
Supreme Court of Delaware.
Submitted: December 4, 2009.
Decided: March 8, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 8th day of March 2010, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:
(1) The appellant, Eugene Hickernell, filed an appeal from the Superior Court's summary denial of his pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). There is no merit to Hickernell's appeal. Accordingly, we affirm the Superior Court's judgment.
(2) On April 5, 2006, Hickernell pled guilty to two counts of Rape in the Third Degree. After a presentence investigation, the Superior Court sentenced Hickernell, on April 26, 2006, to a total of twenty years at Level V imprisonment, i.e., ten years for each of the two rape offenses to which he pled guilty, followed by probation.
(3) In his postconviction motion filed on April 8, 2009, Hickernell alleged:
After sentencing [on May 26, 2006, defense counsel] asked if I wished to appeal the sentence as it was extreme compared to others situated. `I SAID YES[.]' I informed him that I did[.] He then said that he would need $5000 additional dollars to proceed[.] I did not have the money[.] Counsel failed to inform the court as to my wish to appeal the sentence and [t]hat I did not have the funds to do so.[1]
(4) By order dated April 23, 2009 the Superior Court summarily denied Hickernell's postconviction motion as untimely under Rule 61(i)(1).[2] On appeal, Hickernell argues that the untimeliness of his postconviction motion should be excused under Rule 61(i)(5).[3]
(5) After careful consideration of the parties' briefs and the Superior Court record, we have concluded that the judgment of the Superior Court should be affirmed. We agree with the Superior Court that Hickernell's postconviction motion, coming nearly three years after his guilty plea and sentencing, was properly subject to summary disposition as time-barred pursuant to Rule 61(i)(1) without exception.[4]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Hickernell raised other claims concerning his sentencing and his defense counsel's effectiveness; however, he has not argued those claims on appeal, and therefore those claims are not addressed by this Court. Somerville v. State, 703 A.2d 629, 631 (Del. 1997).
[2] See Del. Super. Ct. Crim. R. 61(i)(1) (providing in pertinent part that "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final").
[3] See Del. Super. Ct. Crim. R. 61(i)(5) (providing in pertinent part that the time limitation of Rule 61(i)(1) does not apply "if there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction").
[4] Cf. Robinson v. State, 2008 WL 4057698 (Del. Supr.) (affirming application of Rule 61(i)(1) time-bar to postconviction motion alleging ineffective assistance of counsel for failure to file motion to withdraw guilty plea); Burkett v. State, 2007 WL 2123778 (Del. Supr.); Webb v. State, 2006 WL 3613635 (Del. Supr.) (affirming application of Rule 61(i)(1) time-bar to postconviction motion alleging ineffective assistance of counsel for failure to file direct appeal).