IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL WELLS a/k/a BRIAN CARTER, | § § § | No. 278, 2014 |
| Defendant Below, Appellant, | § § § § | Court Below—Superior Court the State of Delaware in and for |
| v. | § § | New Castle County |
| STATE OF DELAWARE, | § § | Cr. ID No. 0910008675 |
| Plaintiff Below, Appellee. | § § § | |

Submitted: April 17, 2015
Decided: July 13, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 13th day of July 2015, upon consideration of the briefs of the parties and the Superior Court record, it appears to the Court that:

(1) In October 2009, the appellant, Michael Wells, a/k/a Brian Carter, was arrested on suspicion of robbery, attempted robbery, and other offenses.[1] In May 2010, Wells pled guilty to Robbery in the First Degree and Attempted Robbery in the First Degree. Under the plea agreement,

---

[1] The record suggests that Brian Carter is the appellant's real name and that Michael Wells is an alias he used. In both of his motions for correction of sentence, Wells requested that the Superior Court correct his name in the court's records. The court declined to do so, and advised Wells to bring his request for a name change to the attention of the Department of Correction. Because Wells has not raised issue on appeal, we have not considered it. *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

Wells agreed to a fifteen-year sentence and to the application of 11 *Del. C.* § 4204(k) to the sentence. Section 4204(k)(1) provides that "the court may direct as a condition to a sentence of imprisonment . . . that all or a specified portion of said sentence shall be served without benefit of any form of . . . reduction or diminution of sentence."[2] Section 4204(k)(3) provides that the Section applies "only to sentences of imprisonment at Level V for 1 year or less, or to sentences of imprisonment at Level V which are equal to the statutory maximum Level V sentence available for the crime or offense."[3]

(2) On May 18, 2010, the Superior Court sentenced Wells as follows:

> For Robbery, the court imposed twenty years at Level V, suspended after five years under Section 4204(k) for fifteen years at Level IV, suspended after one year for two years at Level III; and

> For Attempted Robbery, the court imposed twenty years at Level V, suspended after five years under Section 4204(k) for two years at Level III.

(3) On July 16, 2010, Wells filed a *pro se* motion for correction of sentence. Wells claimed that Section 4204(k) was applied in error because the Superior Court had not imposed the statutory maximum for each offense

---

[2] 11 *Del. C.* § 4204(k)(1).

[3] 11 *Del. C.* § 4204(k)(3).

as required by Section 4204(k)(3).[4] Wells asked the Superior Court to remove Section 4204(k) from the sentence. The State objected to the removal of Section 4204(k), arguing that Wells had agreed to the application of the Section and that the sentence imposed by the court required that Wells serve only ten years at Level V even though the parties had agreed to fifteen years.

(4) On August 6, 2010, the Superior Court held a hearing on the motion for correction of sentence.[5] At the conclusion of the hearing and with the agreement of the State and Wells, the Superior Court vacated the May 18, 2010 sentence and resentenced Wells as follows:

> For Robbery, the Superior Court imposed twenty-five years at Level V, suspended after five years under Section 4204(k) for fifteen years at Level IV, suspended after one year for two years at Level III; and

> For Attempted Robbery, the court imposed twenty-five years at Level V, suspended after five years under Section 4204(k) for two years at Level III.

(5) On December 27, 2013, Wells filed a *pro se* motion for correction of sentence. Wells claimed that Section 4204(k) was applied in error to the August 6, 2010, sentence because, according to Wells, the

---

[4] The statutory maximum for both Robbery in the First Degree and Attempted Robbery in the First Degree is twenty-five years at Level V. *See* 11 *Del. C.* §§ 531, 832, 4205(b).

[5] Wells was represented by counsel at the hearing.

3

Section cannot be applied to a suspended sentence. Wells asked the Superior Court to remove Section 4204(k) from the sentence and to credit him with good time accrued since his arrest in October 2009.

(6) By order dated April 29, 2014, the Superior Court denied the motion for correction of sentence. The court ruled that Section 4204(k) can be applied to a suspended sentence and that, under the Section, the unsuspended portion of the sentence must be served without any reduction or diminution of sentence.[6] Having carefully considered the parties' positions on appeal, we find that the Superior Court did not abuse its discretion in denying Wells' motion in a well-reasoned order, and affirm the judgment of the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[6] *See Owens v. State*, 2013 WL 6536758, at *2 (Del. Dec. 9, 2013) ("Read together, subsections 4204(k)(1) and (3) allow a trial court to suspend a portion of the maximum sentence and refuse to award specified benefits that would effectively diminish the unsuspended portion of the sentence.").