IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAROD RHODES, §
§ No. 685, 2014
Defendant Below- §
Appellant, §
§
v. § Court Below─Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Sussex County
§ Cr. ID 0803035910
Plaintiff Below- §
Appellee. §

Submitted: May 11, 2015
Decided: July 21, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 21st day of July 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jarod Rhodes ("Rhodes"), filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the trial court's judgment on the ground that it is manifest on the face of Rhodes' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Rhodes pled guilty in September 2008 to multiple drug-related crimes, including Trafficking in Cocaine and Possession with

Intent to Deliver. The Superior Court sentenced Rhodes to a total period of thirty-seven years at Level V incarceration, to be suspended after serving sixteen years in prison for decreasing levels of supervision. Rhodes did not file a direct appeal. Instead, in July 2014, Rhodes filed a motion for postconviction relief. He argued that he was entitled to withdraw his guilty plea based on newly discovered evidence of misconduct at the State agency formerly known as the Office of the Chief Medical Examiner ("OCME"). The Superior Court denied Rhodes' motion on December 1, 2014. This appeal followed.

(3) After the Superior Court issued the decision below in Rhodes' case, this Court issued an opinion in January 2015 in the case of *Brown v. State.*[1] In *Brown,* among other things, we rejected the defendant's postconviction claim that he was entitled to withdraw his guilty plea because of newly discovered evidence of a criminal investigation into misconduct at the OCME. We concluded that evidence of the OCME investigation was impeachment evidence only and that Brown was not entitled to disclosure of such impeachment evidence before entering his plea agreement.[2] In the context of that case, we held that Brown's knowing, intelligent, and voluntary guilty plea waived any right he had to test the

---

[1] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

[2] *Id*. at 1206.

2

strength of the State's evidence against him at trial, including the chain of custody of the drug evidence.[3]

(4) Our decision in *Brown v. State* is controlling here.[4] In this case, the Superior Court ordered preparation of the transcript of Rhodes' guilty plea before ruling on Rhodes' motion for postconviction relief. Upon review of that colloquy, the Superior Court concluded that Rhodes had entered his guilty plea knowingly, intelligently, and voluntarily. We agree. Rhodes is thus bound by the statements he made to the Superior Court before his plea was accepted, including his statement that he was pleading guilty because he was, in fact, guilty of the crimes charged.[5] By entering a valid guilty plea and knowingly waiving his trial rights, Rhodes is precluded from reopening his case now to raise a claim involving impeachment evidence that would have been relevant only at a trial.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] *Id.* at 1205-06.

[4] To the extent Rhodes' opening brief raises a due process claim challenging a 2014 amendment to Superior Court Criminal Rule 61, Rhodes failed to raise that claim in the Superior Court in the first instance. Accordingly, under Supreme Court Rule 8, we will not consider it for the first time on appeal.

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[6] *Brown v. State*, 108 A.3d at 1206.