SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

January 27, 2016

STATE MAIL - S980C
William T. Matthews
SBI # 589287
SCI
P.O. Box 500
Georgetown, DE 19947

RE:  *State of Delaware v. William T. Matthews*
ID No: 1412017592

Dear Mr. Matthews:

This is my decision on your Motion for Postconviction Relief. You pled guilty to one count each of Possession of Heroin-Tier 2 Quantity, Disregarding a Police Officer's Signal, and Resisting Arrest. I sentenced you to five years at Supervision Level 5, suspended after serving three years at Supervision Level 5, followed by declining levels of probation. This is your first motion for postconviction relief and it was filed in a timely manner.

You raise one issue in your Motion for Postconviction Relief but argue it three different ways. You argue that you should have been provided with a chemical test report on the drugs you were in possession of at the time of your arrest before you accepted the State's plea offer. You further argue that this would have allowed you

to negotiate a better plea deal. You argue that the fact that you did not get the chemical test report before you pled guilty constitutes (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) a *Brady* violation. Your counsel has filed an affidavit responding to your allegations. Given the straightforward nature of your allegations, I have concluded that there is no need to appoint an attorney for you or to conduct an evidentiary hearing. Since you pled guilty, I must first determine if your counsel's representation of you left you with no choice but to plead guilty. If it did not, then I must determine if you made a knowing, intelligent and voluntary waiver of your constitutional rights when you pled guilty.

## I. Ineffective Assistance of Counsel

You allege that your counsel was ineffective because he allowed or encouraged you to plead guilty to Aggravated Possession of Heroin-Tier 2 Quantity before the drugs were tested. The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[1] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

would have insisted on going to trial."[2]   Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[3]   It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[4]

You argue that your counsel was ineffective because he allowed or encouraged you to accept the State's plea offer prior to receiving a "chemical test report" on the drugs that you were in possession of at the time of your arrest.  The trouble with your argument is that you knew that the drugs had not been tested when you pled guilty. I have no doubt that if you had wanted to wait for the chemical test report before accepting the State's plea offer, you could have done so.  However, of course, the State may have withdrawn its plea offer, leaving you with the prospect of going to trial and facing more time in jail.  In his affidavit, your counsel states that he informed you that the decision to plead guilty was entirely yours, of the pros and cons of your case, provided you with his recommendation based upon the evidence available at the

---

[2] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[3] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

[4] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

time, and the constitutional rights you were waiving by taking a plea. As your plea colloquy indicates, you were satisfied with your counsel's representation. Thus, since you knew that the drugs had not been tested when you took the plea, I have concluded that your counsel's representation of you was not deficient and did not leave you with no choice but to plead guilty.

## II. Waiver of Trial Rights

I have reviewed the Truth-In-Sentencing Guilty Plea Form and the plea colloquy and determined that it is clear that you made a knowing, intelligent and voluntary waiver of your trial rights. Before accepting a guilty plea, the trial court must engage the defendant in a series of questions in open court in order to determine the voluntariness of the plea.[5] This plea colloquy must be preserved on the record and the judge must determine that the defendant realizes and understands the nature of the charges and the various penalties provided for that offense.[6] "The record must reflect that a defendant understands that the guilty plea constitutes a waiver of a trial on the charges and the various constitutional rights to which he would have been entitled had he gone to trial."[7] "A defendant's statements to the Superior Court

---

[5] *Weeks v. State*, 653 A.2d 266, 269 (Del. 1995).

[6] *Sullivan v. State*, 636 A.2d 931, 937 (Del. 1994).

[7] *Id.*

4

during the guilty plea colloquy are presumed to be truthful."[8]  You are bound by your answers in open court.[9]  Where the defendant has signed his Truth-In-Sentencing Guilty Plea Form and answered at the plea colloquy that he understands the effects of the plea, the defendant must show by clear and convincing evidence that he did not sign this form knowingly and voluntarily.[10]

The record demonstrates that you understood the rights you waived and did so knowingly, intelligently and voluntarily.  This is demonstrated by your answers to the questions on the Truth-In-Sentencing Guilty Plea Form and your answers during the plea colloquy.  The following are the applicable questions and your answers on the Truth-In-Sentencing Guilty Plea Form.

Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?

You answered "yes."

Have you been promised anything that is not stated in your written plea agreement?

You answered "no."

Has your lawyer, the State, or anyone threatened or forced you to enter this plea?

---

[8] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[9] *Somerville v. State*, 703 A.2d 629, 636 (Del. 1997).

[10] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

You answered "no."

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights:

(1) to have a lawyer represent you at trial;
(2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(3) to a speedy and public trial by jury;
(4) to hear and question the witnesses against you;
(5) to present evidence in your defense;
(6) to testify or not testify yourself; and,
(7) to appeal, if convicted, to the Delaware Supreme Court with assistance of a lawyer?

You answered "yes."

The following is an excerpt of your Plea Colloquy:

THE COURT: Mr. Matthews, I understand you have decided to plead guilty to aggravated possession of heroin, a Tier 2 offense, disregarding a police officer's signal, and resisting arrest; is that what you have decided to do?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the nature of each one of those offenses?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the maximum period of incarceration you face for each offense?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by pleading guilty to these offenses, there will be a violation of your probation, that your probation will be revoked, and that you will be resentenced?

THE DEFENDANT: Yes, sir.

THE COURT: You have certain rights, Mr. Matthews. Those rights are listed on the truth-in-sentencing guilty plea form which you have already signed. Have you discussed each and every one of those rights with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand each and every one of those rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by taking this plea, you are waiving all of those rights and there won't be a trial?

THE DEFENDANT: Yes.

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No, sir.

THE COURT: Did anybody promise you anything for it?

THE DEFENDANT: No, sir.

THE COURT: Did you commit the three offenses you are pleading guilty to?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with your attorney's representation of you?

THE DEFENDANT: Yes, sir.

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

THE DEFENDANT: Yes, sir.[11]

One of the rights you waived was the right to challenge the State's evidence. If you had wanted to wait for the chemical test report on the drugs prior to accepting the State's plea offer, you certainly could have done so, although there was no guarantee the State's plea offer would have remained open. In fact, the plea deal offered by the State could have been worse after the chemical test report came back. I am satisfied now, as I was on March 3, 2015, that you made a knowing, intelligent and voluntary decision to waive your rights and plead guilty. This includes waiving the right to challenge the State's evidence for accuracy. Your allegations are without merit. Therefore, I have denied your Motion for Postconviction Relief.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*
E. Scott Bradley

ESB/sal
cc:     Prothonotary
        Counsel

---

[11]   Plea transcript at 3-5 (March 3, 2015).

8