SUPERIOR COURT
OF THE

E. SCOTT BRADLEY

JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

January 27, 2016

STATE MAIL - S980C
Jason A. Kashner
SBI # 00485397
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

>    **RE:    State of Delaware v. Jason A. Kashner**
>    **Def. ID. No. 1410006237**

Date Submitted: November 19, 2015

Dear Mr. Kashner:

This is my decision on your Motion for Postconviction Relief. You pled guilty to Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony, and Endangering the Welfare of a Child on March 2, 2015. The terms of the plea deal you accepted from the State called for a sentence of ten-and-one-half years at supervision Level V, followed by six months of probation. That is the sentence I gave you. The charges arose out of a home invasion and burglary that you committed with three other people of a residence in Dagsboro, Delaware. You were on probation after serving six years in prison for a similar robbery at the time of the home invasion and burglary. This is your first Motion for Postconviction Relief and

it was filed in a timely manner.

You allege that 1) your counsel was ineffective because he allowed you to plead guilty to Possession of a Firearm During the Commission of a Felony even though your co-defendant, who allegedly possessed the gun, had the weapon charge against him dropped and received a shorter sentence than you, and 2) your guilty plea was coerced because you did not get the plea offer you believe you deserved as compared to your co-defendant, who only had to serve three years in jail. Your counsel has submitted an affidavit responding to your allegations. Given the nature of your allegations, I have concluded that there is no need to appoint an attorney for you and that a hearing is not necessary. In order to evaluate your allegations, I have to first determine if your counsel's representation left you with no choice but to plead guilty and, if it did not, whether you made a knowing, intelligent and voluntary waiver of your rights when you pled guilty.

## DISCUSSION

### I. Ineffective Assistance of Counsel

You allege that your counsel was ineffective because he allowed you to plead guilty to the charge Possession of a Firearm During the Commission of a Felony while your co-defendant, who allegedly possessed the gun, got a similar charge dismissed as part of his plea deal and received a shorter sentence than you. The

United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[1] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial."[2] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[3] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[4]

Your co-defendant's plea deal and sentence are irrelevant. Your circumstances were different from those of your co-defendant. You were on probation at the time you committed these offenses. You had just finished serving six years in jail for committing a similar offense. Furthermore, a defendant has no constitutional right

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[3] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

[4] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

to a plea deal.[5]  The State did not have to offer you a plea deal, and you did not have to accept the State's offer.   Your counsel was not ineffective because he did not get you a plea deal that was as good as your co-defendant's plea deal.  The choice to take the plea was your choice and your's alone. Your counsel's representation of you did not leave you with no choice but to plead guilty.  This allegation is without merit.

**II. Coerced Guilty Plea**

You allege that your guilty plea was coerced.  You state that you were offered two separate plea deals.  One plea offer was for a minimum of eight years of Level V time with a pre-sentence investigation. The other plea offer was for ten-and-one-half years of Level V time with no pre-sentence investigation.  You allege that your counsel advised you to accept the plea offer with no pre-sentence investigation because he believed you would have received a longer sentence if you took the other plea offer with a pre-sentence investigation.  Your counsel acknowledges that he advised you to take the offer with no pre-sentence investigation because he feared you would have received a longer sentence if a pre-sentence report was prepared and reviewed by a judge.  You also allege that you never would have accepted your plea deal if you knew your co-defendant only received three years as part of his plea deal.

---

[5] *Dickson v. State*, 32 A.3d 988 (Del. 2011)(TABLE) citing *Washington v. State*, 844 A.2d 293, 295 (Del. 2004).

You fail to even hint at a coerced guilty plea. The only thing you have successfully alleged is "buyer's remorse." The following exchange took place during your plea colloquy:

THE COURT: I understand you have decided to plead guilty to charges of robbery in the first degree, possession of a firearm during the commission of a felony, and endangering the welfare of a child. Is that what you have decided to do?

THE DEFENDANT: Yes.

THE COURT: Do you understand the nature of each one of those offenses?

THE DEFENDANT: Yes.

THE COURT: Do you understand the maximum period of incarceration you face for each one of those offenses?

THE DEFENDANT: Yes.

THE COURT: Do you understand the minimum sentence you must receive on the robbery and the weapons offense?

THE DEFENDANT: Yes.

THE COURT: Do you understand you will have to pay restitution as part of your sentence?

THE DEFENDANT: Yes.

THE COURT: You said he was already found in violation of his probation, [counsel]?

[Your Counsel]: We already admitted, yes, Your Honor.

THE COURT: All right. Sir, you have certain rights; those rights are listed on the Truth-in Sentencing Guilty Plea Form which you have already signed. Have you discussed each and every one of those rights with [counsel]?

THE DEFENDANT: Yes.

THE COURT: Do you understand each and every one of those rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by taking this plea you are waiving all of those rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand there won't be a trial now?

THE DEFENDANT: Yes.

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No.

THE COURT: Did anybody promise you anything for it?

THE DEFENDANT: No.

THE COURT: Did you commit the three offenses you are pleading guilty to?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with you attorney's representation of you?

THE DEFENDANT: Yes.

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

THE DEFENDANT: Yes.[6]

On the Truth-in-Sentencing Guilty Plea Form the following questions were asked and answered:

Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?

You answered "yes."

Have you been promised anything that is not stated in your written plea agreement?

You answered "no."

Has your lawyer, the State, or anyone threatened or forced you to enter this plea?

You answered "no."

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights:
(1) to have a lawyer represent you at trial;
(2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(3) to a speedy and public trial by jury;
(4) to hear and question the witnesses against you;
(5) to present evidence in your defense;
(6) to testify or not testify yourself; and,
(7) to appeal, if convicted, to the Delaware Supreme Court with

_____

[6] Plea Transcript at 4-6 (March 2, 2105).

7

assistance of a lawyer?

You answered "yes."

These are the appropriate responses for someone who has knowingly, intelligently, and voluntarily accepted the State's plea offer and decided to plead guilty. If you felt that you had been coerced to plead guilty, then you should have answered "yes" when I asked you if anybody had forced you to take the plea and you should have answered "yes" on the same question on the Truth-in-Sentencing Guilty Plea Form. You did not. You are bound by your answers in open court.[7] When your counsel told you that you faced the possibility of a longer sentence if you accepted the plea offer with a pre-sentence investigation, he was giving you excellent advice. Judges routinely accept negotiated pleas, reasoning that the prosecutor and the defense counsel are the most knowledgeable about the facts underlying the charges and the defendant's history and are therefore in the best position to arrive at an appropriate sentence. However, once a pre-sentence investigation is ordered and a report prepared, the judge is armed with all of the information necessary to render an appropriate sentence. This often does not favor a defendant. I conclude now, as I did when I took your plea, that it was made knowingly, intelligently and voluntarily. This allegation is without merit.

---

[7] *Somerville v. State*, 703 A.2d 629, 636 (Del. 1997).

8

## CONCLUSION

Your Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:    Prothonotary
       Counsel