Richard Y. SOMERVILLE, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 329, 1997.

Supreme Court of Delaware.

Submitted: Sept. 22, 1997.
Decided: Oct. 23, 1997.

Richard Y. Somerville, pro se.

John Williams, Department of Justice, Dover, for appellee.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice:

This is an appeal by the defendant-appellant, Richard Y. Somerville ("Somerville"), following the Superior Court's denial of his motion for postconviction relief. Somerville filed his opening brief and appendix. The Court has before it, the plaintiff-appellee's, State of Delaware's ("State"), Motion to Affirm the Superior Court's judgment. The Court has concluded that the State's motion should be granted. Supr.Ct.R. 25(a).

## Background Facts

In January 1996, Somerville was charged by information with one count of Assault in the First Degree. The victim was Somerville's thirteen-month-old son. Somerville was alleged to have caused severe, near fatal, injuries by punching his son multiple times. Somerville was represented by an Assistant Public Defender. In May 1996, Somerville entered a plea of guilty, as charged.

Somerville's sentencing was deferred pending a pre-sentence investigation. The record reflects that, prior to sentencing, Somerville's original attorney was transferred from the Public Defender's Office in Kent County to the Public Defender's Office in New Castle County. Consequently, Somerville's case was reassigned to another Assistant Public Defender, who represented Somerville at sentencing.

In July 1996, the Superior Court sentenced Somerville to ten years of incarceration at Level V, suspended after six years for six months at a Level IV halfway house, followed by probation. Somerville did not file a direct appeal following his sentencing. Somerville also did not file an appeal from either of two decisions issued by the Superior Court that denied Somerville's motions for reduction of his sentence.

## Postconviction Motion
## Superior Court Denial

In August 1996, Somerville filed a Rule 61 motion for postconviction relief asserting: (i) ineffective assistance of counsel at the guilty plea proceeding and at sentencing; (ii) "unfulfilled plea agreement;" (iii) "no knowledge of court procedure;" (iv) "erroneous pre-sentence information;" (v) "unfounded" finding of excessive cruelty; and (vi) compelling mitigating factors. Super.Ct.Crim.R. 61. The Superior Court referred Somerville's motion to a Commissioner, who issued a report that determined Somerville's claims were either procedurally barred or were without merit. After considering Somerville's challenge to the Commissioner's report, the Superior Court denied Somerville's motion for postconviction relief. This appeal followed.

## This Appeal
### Somerville's Sole Contention

In his opening brief on appeal, Somerville has raised a single claim: ineffective assistance of counsel at the guilty plea proceeding. To the extent that Somerville has not briefed the other claims raised by his postconviction motion in the Superior Court, those claims are deemed to be waived. *Murphy v. State,* Del.Supr., 632 A.2d 1150, 1152 (1993). Accordingly, those abandoned claims will not be addressed by this Court. *Id.* at 1153.

Somerville alleges "gross negligence" on the part of the attorney who represented him at the guilty plea hearing. Somerville asserts that his attorney assured him that a guilty plea to Assault in the First Degree would result in a sentence of no more than thirty months of incarceration. Somerville also asserts that his attorney failed to advise him that he had an "option" to enter into a plea agreement with the State that would include a "cap" on the sentence he received. Somerville contends that "had [he] known" that he faced the possibility of ten years incarceration, "[he] would never have signed" and would have elected to go to trial.

### Collateral Attack/Guilty Plea
### Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, Somerville must meet the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Albury v. State,* Del.Supr., 551 A.2d 53, 58 (1988) (*citing Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In the context of a guilty plea challenge, *Strickland* requires a defendant to show that: (1) " 'counsel's representation fell below an objective standard of reasonableness' "; *Albury v. State,* 551 A.2d at 58 (*quoting Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068); and (2) counsel's actions were so prejudicial " 'that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.' " *Albury v. State,* 551 A.2d 53, 60

(1988) (*quoting Hill v. Lockhart,* 474 U.S. at 58, 106 S.Ct. at 370).

Under the *Strickland* test, "appellate ... review is subject to a strong presumption that counsel's conduct was professionally reasonable." *Albury v. State,* 551 A.2d at 59 (*citing Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065). The purpose of this presumption is to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within a range of professional reasonableness at the time. *Id.* The second prong of the *Strickland* test requires a showing of "prejudice." *Id.* In the context of a guilty plea challenge, the defendant must demonstrate to the appellate court " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Albury v. State,* 551 A.2d at 60 (*quoting Hill v. Lockhart,* 474 U.S. at 58, 106 S.Ct. at 370).

### Guilty Plea Colloquy
### Substance and Procedure

The basis for the entry of a guilty plea must appear on the record to permit appellate review. *Sullivan v. State,* Del. Supr., 636 A.2d 931, 937 (1994). This Court recently reviewed the proper procedures that are a condition precedent to accepting a guilty plea in another postconviction appeal that successfully asserted a claim for ineffective assistance of counsel. *See Patterson v. State,* Del.Supr., 684 A.2d 1234 (1996). A "rigid formalistic approach to compliance" is not necessary. *Patterson v. State,* 684 A.2d at 1237.

There are numerous protections afforded to the defendant offering a guilty plea. Prior to accepting a guilty plea, the trial judge must address the defendant in open court. *Sullivan v. State,* 636 A.2d at 937. The judge must determine that the defendant understands the nature of the charges and the penalties provided for each of the offenses. *Id.* The record must reflect that the defendant understands that the guilty plea constitutes a waiver of a trial on the charges and a waiver of the constitutional

rights to which he or she would have been entitled to exercise at a trial. *Id.* (*citing* Super.Ct.Crim.R. 11(c)). The trial judge must also determine that a guilty plea is not the result of force, threats, or promises apart from the plea agreement. *i.e.*, is voluntary. *Id.* (*citing* Super.Ct.Crim.R. 11(d)); *Howard v. State,* Del.Supr., 458 A.2d 1180, 1184–85 (1983).

In this case, the record reflects that Somerville indicated on the Truth-in-Sentencing Guilty Plea Form that he understood that the statutory penalty for Assault in the First Degree was up to ten years in jail. The Truth-in-Sentencing Guilty Plea Form executed by Somerville specifies that the statutory penalty is zero to ten years jail with a maximum penalty of "10 yrs. jail." During the guilty plea colloquy, Somerville acknowledged to the Superior Court judge that he had: read and understood the Truth-in-Sentencing Guilty Plea Form; discussed the matter fully with his attorney; and, was satisfied with his attorney's representation.

During the guilty plea colloquy, Somerville was advised verbally by the Superior Court judge that the statutory penalty provided for up to ten years of incarceration. At the same time, Somerville acknowledged to the judge that the plea agreement was the entire agreement between himself and the prosecution. Somerville specifically denied that anyone had threatened or forced him to plead guilty or promised him anything to induce his guilty plea. Somerville did not enter a plea pursuant to Delaware Superior Court Criminal Rule 11(e)(1)(C).

### Defendant Has Burden
### Guilty Plea Presumed Truthful

■ Many Superior Court judges have a defendant swear or affirm the usual witness oath before speaking during the guilty plea colloquy. With or without the witness oath, a defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful. *Davis v. State,* Del.Supr., No. 157, 1992, Walsh, J., 1992 WL 401566 (Dec. 7, 1992) (ORDER); *Bramlett v. A.L. Lockhart,* 8th Cir., 876 F.2d 644, 648 (1989). Those contemporaneous representa-

tions by a defendant pose a "formidable barrier in any subsequent collateral proceedings." *Voytik v. United States,* 8th Cir., 778 F.2d 1306, 1308 (1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)).

■ Somerville now contends that his attorney promised him that the sentence he received would not exceed thirty months of incarceration. The record reflects that Somerville acknowledged that his plea agreement contained the entire agreement with the prosecution. Somerville indicated on the plea agreement that no promises had been made regarding his sentence. In the absence of clear and convincing evidence to the contrary, Somerville is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea. *Fullman v. State,* Del.Supr., No. 268, 1988, Christie, C.J. (Feb. 2, 1988) (ORDER). *See Little v. Allsbrook,* 4th Cir., 731 F.2d 238, 239–40, n. 2 (1984). *Compare Patterson v. State,* Del. Supr., 684 A.2d 1234, 1238 (1996).

### Sentencing Agreement
### Offer Discretion/Acceptance Non-binding

■ Somerville asserts that his attorney did not advise him that he had the "option" of entering into a plea agreement with the State that would include a "cap" on the sentence he received. *See* Super.Ct.Crim.R. 11(e)(1)(C). For the purpose of this appeal, we assume that such a plea was not discussed with Somerville. To succeed on a claim of ineffective assistance of counsel, however, a defendant must not only make concrete allegations of cause and actual prejudice, but he or she also must substantiate them. *Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990).

■ Superior Court Criminal Rule 11(e)(1)(C) does not afford a defendant the *right* to enter into such an agreement with the State. The rule provides that the State *may* offer such an agreement. Super.Ct.Crim.R. 11(e)(1). These agreements are not binding upon the Superior Court. Super.Ct.Crim.R. 11(e). Therefore, plea

agreements for a specified sentence are completely dependent upon the State's initial willingness to make such an offer and the subsequent acceptance of the agreed upon punishment by the sentencing judge.

Thus, contrary to Somerville's assertion, there was no right to enter into a plea agreement for a specific sentence or range of sentence. Furthermore, again assuming that the possibility of pursuing such an agreement was never discussed, Somerville's motion does not allege that if the State had not agreed to a thirty-month sentence or the judge had rejected a thirty-month sentence, he would not have entered a guilty plea. *See Albury v. State*, Del.Supr., 551 A.2d 53, 60 (1988). Consequently, Somerville's motion that his attorney rendered ineffective assistance at sentencing does not reflect either the "cause," or the "prejudice" that is required for affirmative relief. *Id.*

### Conclusion

Somerville has failed to substantiate his claim of ineffective assistance of counsel by the attorney who represented him during the guilty plea proceeding. *But see Patterson v. State*, Del.Supr., 684 A.2d 1234 (1996). It is manifest on the face of Somerville's opening brief that his appeal is without merit. The State's motion to affirm is granted. The judgment of the Superior Court is affirmed.