ACAY A. LAMPKINS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 369, 2007.
Supreme Court of Delaware.
Submitted: June 24, 2009.
Decided: September 18, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 18th day of September 2009, it appears to the Court that:
(1) On August 21, 2006, the appellant, Acay A. Lampkins, was indicted for Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF). It appears from the record that Lampkins' Superior Court jury trial started and ended on January 18, 2007, when the trial judge declared a mistrial due to "jurors talking."[1] By superseding indictment filed on January 22, 2007, Lampkins was again charged with Assault in the First Degree and PDWDCF.
(2) On March 6, 2007, Lampkins pled guilty to one count of Assault in the Second Degree and was sentenced. As contemplated by the plea agreement, the Superior Court granted the State's motion to declare Lampkins a habitual offender pursuant to Superior Court Criminal Rule 4214(a) and sentenced Lampkins to a mandatory eight years of Level V incarceration followed by six months at Level II.
(3) On March 19, 2007, Lampkins filed a motion for postconviction relief ("March 19 motion") pursuant to Superior Court Criminal Rule 61. Lampkins' March 19 motion raised three claims of error.[2] On June 6, 2007, Lampkins filed a document entitled "appendix to Rule 61 postconviction motion" ("June 6 appendix"). Lampkins' June 6 appendix raised three more claims of error.[3]
(4) By order dated July 10, 2007, the Superior Court denied the claims raised in the March 19 motion. Thereafter, Lampkins filed an appeal, and the parties filed their briefs. When considering the matter based on the parties' briefs, however, the Court noticed that Lampkins argued not only the claims that he raised in the March 19 motion but also the claims that he raised in the June 6 appendix.
(5) By Order dated December 29, 2008, the Court remanded the case to the Superior Court for the purpose of considering and ruling on the claims that Lampkins raised in the June 6 appendix. On remand, the Superior Court reviewed those claims and concluded, by order dated March 3, 2009, that they were without merit.
(6) Upon return of the case from remand, the parties filed supplemental memoranda addressing the Superior Court's March 3, 2009 decision. The case was then resubmitted to the Court for decision on the basis of the parties' briefs, supplemental memoranda, and the Superior Court record as expanded on remand.[4]
(7) Lampkins argues that he is entitled to postconviction relief because his defense counsel (i) inadequately advised him as to the charges to which he was pleading guilty, (ii) did not properly explain the maximum penalty he faced, (iii) failed to file various motions, and (iv) withheld favorable evidence by telling him that police reports were not discoverable. In a related claim, Lampkins contends that his guilty plea was involuntary.
(8) We agree with the Superior Court that the record does not support Lampkins' claim that his guilty plea was involuntary. In its March 3, 2009 decision, the Superior Court states:
[Lampkins'] claim that he did not understand the nature of the charges against him is unsupported by the record. A defendant is bound by his statements in his plea colloquy as well as the documents he reviewed with counsel and signed. In this case, the Court engaged [Lampkins] in a thorough discussion of the nature of the charges against [him] and the possible penalties upon his entry of a guilty plea. Nothing in that exchange indicated that [Lampkins] did not understand what he was doing or what he was charged with. Without more, [Lampkins'] argument in this regard is without merit.[5]
Absent clear and convincing evidence to the contrary, Lampkins is bound by the answers on his guilty plea form and his sworn statements to the judge during the plea colloquy.[6]
(9) To prevail on his claim of ineffective assistance of counsel, Lampkins must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial.[7] In this case, the Superior Court concluded that Lampkins' ineffective assistance of counsel claim was without merit because the specific allegations raised by Lampkins either failed to state misconduct or were entirely conclusory and thus legally insufficient. We agree with that assessment.
(10) Lampkins contends that he was put in double jeopardy "when the State [re]indicted [him] on the charge of second degree assault . . . while keeping the first indictment of first degree assault . . . intact." Lampkins' characterization of the record is incorrect, and his double jeopardy claim is without merit.
(11) The record reflects that the original and superseding indictments both charged Lampkins with Assault in the First Degree and PDWDCF.[8] The superseding indictment, however, properly replaced the original indictment and did not, as Lampkins argues, subject him to successive prosecutions or multiple penalties for the same offense.[9]
(12) Finally, Lampkins raises a number of claims regarding his sentencing, including a claim that he was ineligible for sentencing as a habitual offender. In its supplemental answering memorandum, the State concedes that its motion to declare Lampkins a habitual offender was defective, and that Lampkins must be resentenced.[10]
(13) Having reviewed the parties' contentions, we conclude that it is necessary to vacate the Superior Court's sentencing order and remand this matter for a new sentencing hearing. The Court further concludes that Lampkins must be represented by counsel in the sentencing proceedings.[11] Finally, in view of the remand for resentencing, the Court has not considered the remainder of Lampkins' sentencing claims.
NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of conviction is AFFIRMED. The sentence imposed by the Superior Court is HEREBY VACATED, and the matter is REMANDED for further proceedings consistent with this Order.
NOTES
[1] See Super. Ct. docket at 33 (Jan. 18, 2007) (summarizing criminal trial activity sheet).
[2] Those claims were: unfulfilled and breached plea agreement, improper enhancement of sentence, and ineffective assistance of counsel.
[3] The additional claims were: improper sentencing as habitual offender, double jeopardy, and involuntary guilty plea.
[4] The expanded record also includes a transcript of the March 6, 2007 guilty plea proceeding and sentencing that was prepared and filed in August 2008 at the direction of the Court.
[5] State v. Lampkins, Cr. ID No. 0606021907, at 9 (Del. Super.) (Mar. 3, 2009) (citation omitted).
[6] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).
[7] Albury v. State, 551 A.2d 53, 60 (Del. 1988).
[8] It appears that the superseding indictment corrected language used in the original indictment.
[9] See Del. Super. Ct. Crim. R. 7(e) (permitting "an indictment . . . to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced").
[10] The motion to declare Lampkins a habitual offender did not set forth three prior felony offenses as required by title 11, section 4214(a) of the Delaware Code.
[11] "This Court has previously held that, when a defendant is being re-sentenced because of an error of law in the original sentence . . . he has a right to be present in court, with counsel, for the resentencing." See Cochran v. State, 2007 WL 2812870 (Del. Supr.).