# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,              )
                               )
        v.                     )        I.D. No. 1205011732
                               )
RONALDO WILLIAMS,              )
                               )
        Defendant.             )

Submitted:  July 9, 2015
Decided:  July 27, 2015

## ORDER SUMMARILY DISMISSING
## DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

This 28th day of July 2015, upon consideration of Defendant Ronaldo Williams' Motion for Postconviction Relief ("PCR Motion") and Request for Briefing Schedule; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. On May 15, 2013, two Wilmington Police Officers arrested Defendant and confiscated sixty-nine (69) clear plastic bags containing heroin.  At the time of Defendant's arrest, Defendant was out on bail pending trial in an unrelated case.[1]  A grand jury indicted Defendant on June 18, 2012.

2. On February 19, 2013, Defendant entered a global plea agreement with the State.[2]  Defendant was represented by counsel ("Plea Counsel").  Defendant

---

[1] Defendant was awaiting trial on charges related to a vehicle collision in Case No. 1203017926.
[2] To resolve charges pending in Case No. 1203017926 and Case No. 1205011732.

pled guilty to Drug Dealing – Aggravated Possession of Heroin (within 300 feet of a park).[3] Defendant also pled guilty to Reckless Endangering in the First Degree.[4]

3. Prior to sentencing, the State filed a Motion to Declare Defendant a Habitual Offender, pursuant to 11 *Del. C.* § 4214(a), which the Court granted.

4. The Court sentenced Defendant on April 26, 2013. With respect to the charge of Drug Dealing, the Court sentenced Defendant to nine years at Level 5 to be served under the provisions of the Habitual Criminal Act.[5] With respect to the charge of Reckless Endangering, the Court sentenced Defendant to five years at Level 5, suspended after one year.[6]

5. On June 25, 2013, Defendant filed a Motion for Relief of Sentence, which the Court denied on July 8, 2013. However, the Court's Order provided that "if [Department of Corrections] finds that Defendant should participate in [inpatient treatment] at Level 5, the Court agrees that inpatient treatment at Level 5 may be beneficial."[7]

6. On July 25, 2013, Defendant filed a Motion for Reduction of Sentence, which this Court denied on August 14, 2013. The Court's Order provided

---

[3] 16 *Del. C.* § 4753(2). Defendant's Drug Dealing charge is from Case No. 1205011732.
[4] 11 *Del. C.* § 604. Defendant's Reckless Endangering charge is from Case No. 1203017926.
[5] 11 *Del. C.* § 4214(a).
[6] Pursuant to the global plea agreement, the State did not seek to declare Defendant as a habitual offender with respect to the Reckless Endangering charge.
[7] *State v. Williams*, Case No. 1205011732 (July 8, 2013) (ORDER).

that the Court "will consider a renewed motion upon successful completion of [an inpatient treatment] program."[8]

7. On August 27, 2014, Defendant filed a Motion for Modification of Sentence, which the Court granted on September 18, 2014, to permit Defendant's participation in a Level 5 inpatient treatment program at the discretion of the Department of Corrections.[9]

8. On March 11, 2015, Defendant filed his fourth motion seeking modification of his sentence and the pending PCR Motion seeking relief under Superior Court Criminal Rule 61.[10] On April 16, 2015, the Court denied Defendant's fourth request related to sentence modification.[11] On July 9, 2015, Defendant filed the pending Request for Briefing Schedule related to his postconviction proceedings.

9. This is Defendant's first postconviction motion. Before addressing the merits of a motion for postconviction relief, this Court must consider the

---

[8] *State v. Williams*, Case No. 1205011732 (Aug. 14, 2013) (ORDER).
[9] *State v. Williams*, Case No. 1205011732 (Sept. 18, 2014) (ORDER).
[10] Defendant's PCR Motion relies on Criminal Rule 61 prior to and after the June 4, 2014 amendments. Alternatively, Defendant's Motion seeks relief under Civil Rule 60(b) and Criminal Rule 33. The Court's analysis only considers the recently amended version of Criminal Rule 61 because Defendant filed his PCR Motion *after* the June 4, 2014 amendments. Moreover, with respect to Civil Rule 60(b), as the Court explained in *State v. Newton*, 2013 WL 7084798, at *1 (Del. Super. Oct. 14, 2013), "This is a criminal matter. It is governed by the Superior Court Rules of Criminal Procedure. Only cases not provided for in the criminal rules are covered by the civil rules. Criminal Rule 61 clearly covers the claims made by Defendant now." As for Criminal Rule 33, this is not the proper procedural posture for a motion for a new trial.
[11] *State v. Williams*, Case No. 1205011732 (Apr. 16, 2015) (ORDER).

procedural requirements of Rule 61(i).[12] Rule 61(i)(1) requires a motion for postconviction relief be filed within one year after the judgment of conviction is final. Defendant was sentenced on April 26, 2013 and did not file a direct appeal. Therefore Defendant's conviction became final on May 26, 2013. Defendant filed his PCR Motion on March 11, 2015, almost two years after his conviction became final. To avoid the procedural time bar of Rule 61(i)(1), Defendant must satisfy the requirements of Rule 61(i)(5), which provide that procedural bars "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[13] Defendant's PCR Motion does not claim that the court lacked jurisdiction nor does it "plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent[;]" or "plead with particularity a claim that a new rule of constitutional law, made retroactive . . . [and] appli[cable] to the movant's case and renders the conviction . . . invalid."[14] Accordingly, Defendant's PCR Motion does not satisfy the procedural time bar of Rule 61(i)(1) and, therefore, his claims are time-barred.

---

[12] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[13] Super. Ct. Crim. R. 61(i)(5).
[14] Super. Ct. Crim. R. 61(d)(2)(i), (ii).

10. Even if Defendant's PCR Motion was timely, it is subject to summary dismissal. Pursuant to Rule 61(d)(5), "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal."

11. Defendant's PCR Motion argues that the scandal at the Office of the Chief Medical Examiner ("OCME"), "is clearly *Brady* information" that was suppressed from the grand jury and "the scandal creates serious clouds of doubt over the integrity of the State's evidence [against Defendant]."[15] Moreover, Defendant argues that the egregious misconduct of the OCME renders his guilty plea invalid.[16] Pursuant to applicable decisional law, the Court finds that Defendant's claims are subject to summary dismissal.

12. The Delaware Supreme Court, in *Brown v. State*,[17] addressed cases involving guilty pleas in drug cases prior to the issues at the OCME. The *Brown* Court held:

> By pleading guilty, Brown gave up his right to trial and his right to learn of any impeachment evidence. Brown is bound by the statements he made to the Superior Court before his plea was accepted, and *Ruiz* prevents him from reopening his

---

[15] Def.'s Mem. of Law in Support of Mot. 43, 45.
[16] *Id.* at 54.
[17] 108 A.3d 1202 (Del. 2015).

case to make claims that do not address his guilt, and involve impeachment evidence that would only be relevant at trial.[18]

13. Like the defendant in *Brown*, Defendant admitted that he was guilty of possessing and dealing heroin. The OCME investigation and related evidence does not affect the validity of Defendant's guilty plea.[19] For these reasons, it plainly appears that Defendant's PCR Motion is without merit.

**NOW, THEREFORE, on this 27th day of July 2015, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED and Defendant's Request for Briefing Schedule is DENIED AS MOOT.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[18] *Id.* at 1206 (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) and *United States v. Ruiz*, 536 U.S. 622, 630 (2002)).

[19] *See Brown*, 108 A.3d at 1202–03, 1205–06 (finding that upon entering his knowing and voluntary guilty plea, the defendant decided to "forgo not only a fair trial, but also other accompanying constitutional guarantees and impeachment information is special in relation to the *fairness of a trial,* not in respect to whether a plea is *voluntary*.") (internal quotations omitted) (emphasis in original); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015) ("By pleading guilty, [the defendant] waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug evidence that he claims he was entitled to receive.") (internal quotations omitted).