# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARION HUNTER, §
§ No. 186, 2016
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1211023687
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: May 18, 2016
Decided: August 1, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 1st day of August 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record,[1] it appears to the Court that:

(1) The appellant, Marion Hunter, filed this appeal from the Superior Court's order dated March 29, 2016, summarily dismissing his motion for postconviction relief under Superior Court Criminal Rule 61. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on

---

[1] On June 9, 2016, the appellant filed a motion seeking leave to respond to the motion to affirm. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm in this case and finds no reason to request a response after considering the appellant's motion.

the face of Hunter's opening brief that the appeal is without merit. We agree and affirm.

(2) Following his arrest in 2012, Hunter was indicted in 2013 on charges of Rape in the First Degree, Sexual Abuse of a Child by a Person in a Position of Trust, Strangulation, Assault in the Third Degree, and Terroristic Threatening. On November 13, 2013, the first day of trial, the trial judge requested that Hunter's rejection of a guilty plea offered by the State be placed on the record. During the court's colloquy with Hunter, a recess was taken to allow Hunter to speak with his defense counsel ("Defense Counsel"). Following the discussion with his Defense Counsel, Hunter decided to accept the State's plea offer.

(3) Under the plea agreement, Hunter pled guilty to Rape in the Second Degree as a lesser included offense of Rape in the First Degree, and the State dismissed the other charges in the indictment. Also, the State agreed to recommend no more than ten years of imprisonment, the minimum mandatory period of incarceration for Rape in the Second Degree, and to forego seeking to have Hunter declared and sentenced as a habitual offender under 11 *Del. C.* § 4214. After conducting the required guilty plea colloquy, the Superior Court accepted the guilty plea as knowing, intelligent, and voluntary and sentenced Hunter to twenty years at Level V incarceration suspended after ten years for ten years at Level IV suspended after two years for two years at Level III probation.

2

(4)     On November 25, 2013, twelve days after the guilty plea proceeding and sentencing, Hunter filed a motion for postconviction relief, claiming that his guilty plea was coerced due to the ineffectiveness of his Defense Counsel. The Superior Court appointed counsel to represent Hunter in the postconviction proceeding. Counsel reviewed the existing record, which at the time did not include a transcript of the November 13 guilty plea hearing, and filed a motion to withdraw, asserting that he could find no grounds to raise in a postconviction motion. The Superior Court denied counsel's motion and instructed that new counsel be assigned to represent Hunter in the postconviction proceeding. Hunter's new counsel ("Postconviction Counsel") arranged for preparation of a transcript of the guilty plea hearing.

(5)     After reviewing the complete record, Postconviction Counsel filed a motion to withdraw and supporting memorandum. Hunter filed responses raising additional claims of ineffective assistance of counsel, which Postconviction Counsel addressed in a reply. Defense Counsel filed an affidavit denying the allegations of ineffective assistance of counsel raised in Hunter's postconviction motion, and the State filed a response in opposition to the motion, arguing that the claims were without merit or were waived by the guilty plea. Hunter then filed a response to each of those submissions.

(6) To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[2] In this case, the Superior Court concluded that Hunter's claim of ineffective assistance of counsel was without merit and summarily dismissed the postconviction motion and granted Postconviction Counsel's motion to withdraw.[3] This appeal followed.

(7) On appeal, Hunter argues that his Defense Counsel was ineffective when he failed or refused to file a pretrial motion to dismiss. Hunter's ineffective assistance of counsel claim is based in part on an underlying claim that the State lacked the evidence to convict him of the charges in the indictment. The record reflects that Hunter raised the insufficient evidence claim in a *pro se* motion to dismiss, which the Superior Court denied as without merit at final case review on August 26, 2013.[4]

(8) The record belies Hunter's claim that Defense Counsel was ineffective for failing to file a motion to dismiss based on lack of evidence or for any other reason. Hunter also has not demonstrated a reasonable probability that,

---

[2] *Albury v. State*, 551 A.2d 53, 58-60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985)).
[3] *State v. Hunter*, 2016 WL 1424398 (Del. Super. Mar. 29, 2016).
[4] Case Review Tr. at 8-14 (Aug. 26, 2013).

4

but for the alleged errors of his Defense Counsel, he would not have pled guilty but would have insisted on going to trial.[5] Given the possibility of a life sentence Hunter faced if he went to trial, it is clear that Hunter received a substantial benefit from the plea agreement negotiated by his Defense Counsel.

(9) A valid guilty plea waives any right to challenge the strength of the State's evidence and events preceding entry of the plea.[6] In this case, during the guilty plea colloquy on November 13, 2013, Hunter stated that he understood he was waiving certain trial rights, including the right to a speedy and public trial, the right to hear and question witnesses, and the opportunity to present evidence in his own defense. Hunter also stated that he was satisfied with his Defense Counsel's representation. Absent clear and convincing evidence to the contrary, Hunter is bound by those representations.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *Supra* note 2.
[6] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015).
[7] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

5