SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

December 8, 2017

Paris Boyer
SBI # 00441318
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

RE: *State of Delaware v. Paris Boyer*,
Case #: 1409003291A, 1508023150, 1409003291C

DATE SUBMITTED: October 26, 2017

Dear Mr. Boyer:

Defendant Paris Boyer ("Defendant") has filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion **DENIED.**

From November 30, 2015 to December 7, 2015, Defendant went to trial for the charges in case # 1409003291A. The verdict was mixed. Defendant was found guilty of one count of Second Degree Conspiracy, two counts of Theft less than $1,500.00, one count of Theft by False Pretenses less than $1,500.00, and one count of Third Degree Burglary. The jury either acquitted Defendant or was hung on the remaining charges. Rather than retrying the case, the parties agreed to resolve

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

1

all of Defendant's pending charges by a plea deal. On January 22, 2016, Defendant pled guilty to three counts of Third Degree Burglary, one count of Possession of Burglary Tools, and one count of Theft less than $1,500.00 from a Senior. As part of the plea agreement, Defendant agreed to be sentenced under 11 *Del. C.* § 4214(a) as a habitual offender for one of the Third Degree Burglary charges. On March 18, 2016, after review of the pre-sentence investigation, Defendant was sentenced to 15 years at Level Five as a habitual offender for one Third Degree Burglary charge. He received probation for the remaining charges. Defendant appealed his sentence to the Delaware Supreme Court. On November 29, 2016, the Supreme Court mandate was filed, finalizing the conviction.

On October 26, 2017, Defendant filed his first Motion for Postconviction Relief. He makes three claims: (1) that the plea he took with regard to the B and C portions of his charges[2] also included charges from the A case for which he had been convicted by the jury; (2) that trial counsel did not inform him that he was waiving his trial and appeal rights by taking the plea, making it so the plea was not entered into knowingly, voluntarily, and intelligently; and (3) that the Superior Court's denial of his Motion to Suppress was contrary to law.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[3] The first two

---

[2] Case ID No. 1508023150 and Case ID No. 1409003291C.

[3] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

> (2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for

2

arguments Defendant advances are not procedurally barred. However, his third argument, that the denial of his Motion to Suppress was contrary to law is barred by Rule 16(i)(4). If a ground for relief was formerly adjudicated, it cannot be asserted in a motion for postconviction relief. This includes decisions that were made in the proceedings leading to the judgment of conviction. Thus, the legality of Judge M. Jane Brady's denial of Defendant's Motion to Suppress on April 2, 2015 cannot be considered here.

Defendant's first argument is that some of the charges he pled to after he was convicted by a jury in the A case are the same as those to which he later pled guilty. The fact that Defendant was convicted of one count of Burglary in the Third Degree by the jury and then later pled to three counts of Burglary in the Third Degree does not mean that he was convicted twice for the same offense. These charges did not arise out of the same facts, as is shown in the indictments for both cases. Therefore, Defendant was not convicted of the same crime twice. His argument for postconviction relief on this basis fails.

Defendant also argued that trial counsel did not inform him that he was waiving his trial and appeal rights by taking a plea. As a result, Defendant asserts that he did not enter his plea

purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

3

knowingly, intelligently, and voluntarily. This is, essentially, an ineffective assistance of counsel claim. To prevail on such a claim, Defendant must meet the two-prong test laid out by the United States Supreme Court in *Strickland v. Washington*.[4] *Somerville v. State* laid out the applicable standard in the context of a guilty plea:

> *Strickland* requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial…[R]eview is subject to a strong presumption that counsel's conduct was professionally reasonable. The purpose of this presumption is to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within the range of professional reasonableness at the time.[5]

Defendant argues ineffective assistance of counsel based upon the assertion that he was unaware that taking a plea would take away his ability to challenge the previous suppression decision. If he had known this information, Defendant would not have agreed to the plea deal. The Court is not persuaded by this argument. Examination of the plea colloquy shows that Defendant was not misled regarding his trial and appeal rights, and that he was satisfied with his legal representation. The relevant portion of the plea colloquy reads as follows:

> MR. WELSH: Mr. Boyer understands that by pleading guilty today he waives any rights to appeal that he would have had under the charges that he was found guilty of at trial, as well as any suppression issues that he previously waived.
>
> \*       \*       \*
>
> THE COURT: Nobody can force you to plead guilty, sir, because when you do that, you incriminate yourself and you lose valuable trial and appeal rights and you expose yourself to the penalties of law. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).
[5] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

4

THE COURT: Is anybody forcing you to do this?

THE DEFENDANT: No, sir.

THE COURT: You have valuable trial and appeal rights. In fact, you had a trial. We had a trial together several weeks ago. You were convicted of some charges, and other charges there was a hung jury. So you have been through a trial before. Just for the record, do you understand that you have a right to have a trial?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that you are presumed innocent and the State is required to prove the case against you beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

THE COURT: You have a right to a speedy and public trial. do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Just like before, if it were a jury trial, you would help select a jury of 12 who agree unanimously either for guilt or innocence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You have a right to hear and question the witnesses against you. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You have every right to remain silent and require the State to make the case beyond a reasonable doubt. Your silence can never be taken against you in our system of justice and the jury would be so-told. If you have evidence on your behalf, you could present it. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You could testify or not testify, as you may choose. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you chose not to testify, the jury would not take it against you because you are exercising your valuable constitutional right. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you had a bad day and lost, you could appeal to the Delaware Supreme Court, direct appeal, with the assistance of counsel. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anybody forcing you to give up your valuable trial and appeal rights?

THE DEFENDANT: No, sir.

THE COURT: With respect to the charges you are resolving today, ten different charges, different periods of time, do you understand that any prior objections that you might have had as to the evidence is gone; things taken from you by the authorities and by a search warrant or arrest; or any statements you made to the police, whether or not they should have given Miranda or didn't give you Miranda, only gave you part of Miranda, all of that goes down with this plea. Do you understand that?

THE DEFENDANT: Yes, sir.[6]

The above excerpts from the plea colloquy show that Defendant was well aware of the valuable trial and appeal rights he was giving up by taking the plea. Defendant is bound by his testimony prior to his acceptance of the plea in the absence of clear and convincing evidence to the contrary.[7] He was of sound mind at the time of the guilty plea and understood the consequences of taking a plea agreement. There is nothing to indicate that Defendant's claim regarding ineffective assistance of counsel is valid. His counsel clearly acted within the scope of reasonableness and Defendant cannot demonstrate that he suffered prejudice as a result of counsel's action or inaction. The Court is satisfied

---

[6] Transcript of January 22, 2016 proceedings at 3; 8-11.
[7] *Somerville v. State*, 703 A.2d at 632.

6

that Defendant made a knowing, intelligent, and voluntary decision to waive his rights and plead guilty. Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Steven W. Welsh, Esq.
    Casey L. Ewert, Esq.