# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                           )
    V.                      )          I.D.:  1904016280
                           )
CARLOS FERRER-VASQUEZ,     )
                           )
    Defendant.              )

## ORDER

And now, this 7th day of September, 2022, the Court makes the following findings:

1.    The Defendant pled guilty to Murder, 2nd degree, a firearms offense and violation of the Protection from Abuse Order ("PFA").  He was represented by counsel.  On October 30, 2020, he was sentenced to life imprisonment on the murder count, two years on the weapons offense and probation for criminal contempt of the PFA.  No appeal was filed.

2.    On February 22, 2022, the Defendant filed a motion for postconviction relief under Delaware Criminal Rule 61.  In order to invoke the Court's review of a conviction under Rule 61, the motion for relief must be filed within one year of the final order of conviction.[1]  Because the motion for relief

---

[1] Del. Super. Ct. Crim. R. 61(i)(1).

1

under Rule 61 was filed more than one year after the date of sentence and no appeal was filed, Defendant's motion is time barred.

3. While this disposes of Defendant's motion under Rule 61, the Court notes that among Defendant's claims is one that his attorney failed to advise him of his right to take an appeal of his guilty plea and sentence. Notably absent from his petition, however, is any specific grounds upon which to take an appeal had he actually filed one.

4. Because his was a guilty plea, his available grounds for appeal are limited.[2] In reviewing the rest of Defendant's Rule 61 motion, it appears that his main complaint is that he received a sentence in excess of his expectations as a result of his guilty plea. The Truth in Sentencing Guilty Plea form, however, clearly explains that the potential sentence for a guilty plea to Murder 2nd degree is 15 years to life imprisonment. There was no agreement by the State to "cap" its recommendation as part of the plea agreement.[3]

5. The Court has reviewed the guilty plea colloquy and, consistent with the plea agreement, the Defendant was specifically advised that he faced a potential life sentence. Defendant's trial counsel has supplemented the record with

---

[2] Del. Super. Ct. Crim. R. 61(i).

[3] The Court notes that the Defendant is bound by his representations in signing the Truth in Sentencing Guilty Plea form and during his plea colloquy. Moreover, even if a cap had been negotiated, the Court is not bound to impose it. *See Somerville v. State,* 703 A.2d 629 (Del. 1997).

his affidavit, attesting that he advised the Defendant that the guilty plea waived his right to appeal.[4] Other papers appended to counsel's affidavit make it clear that trial counsel tried, but failed, to negotiate a lesser charge or a sentencing cap in the State's recommendation. Counsel did note that the Murder 2nd degree guilty plea took the Defendant out from under a mandatory life sentence upon conviction for the charged offense of Murder 1st degree.

6. Defendant wound up with a life sentence for Murder 2nd degree as a matter of judicial discretion and not as a mandated sentence for Murder 1st degree. Thus, his life sentence was discretionary and not mandatory. That is probably cold comfort to him. But the fact that trial counsel's efforts to mitigate Defendant's conduct or sentence did not persuade the Court is not ineffective assistance of counsel.

7. Defendant's motion under Rule 61 is time barred. The motion is **DENIED**.

---

[4] D.I. 41 ¶ 8 (Def. Couns. Aff.).

8.     Defendant has also filed a Motion for Transcripts and a Motion for Appointment of Counsel.  Both of these motions are **DENIED** as moot.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge