# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                              )
      v.                 )   ID Nos. 2111014013, 2112000947
                              )
LUIS FIDLAGO,            )
                              )
      Defendant.      )
                              )

Date Submitted:  June 23, 2023
Date Decided:  June 27, 2023

## ORDER

**AND NOW TO WIT,** this 27th day of June 2023, the Court having duly considered Defendant's Motion for Postconviction Relief,[1] Defendant's Letter Motion for Appointment of Postconviction Counsel,[2] Defendant's Amended Motion for Postconviction Relief,[3] the State's Response,[4] Superior Court Criminal Rule 61,[5] and the Record in these cases, **IT IS HEREBY ORDERED** that the Motions are **DENIED** as meritless for the following reasons:

---

[1] ID No. 2111014013, D.I. 10; ID No. 2112000947, D.I. 12.
[2] ID No. 2111014013, D.I. 17; ID No. 2112000947, D.I. 17.
[3] ID No. 2111014013, D.I. 18; ID No. 2112000947, D.I. 18.
[4] ID No. 2111014013, D.I. 19; ID No. 2112000947, D.I. 19.
[5] Super. Ct. Crim. R. 61.  This Order addresses the merits of Fidlago's motion because it is not procedurally barred by the rules.  First, Fidlago' was sentenced in December 2022, and he did not file a direct appeal with the Supreme Court; therefore, his motion was timely filed.  *Id.* at 61(i)(1). Second, this is Fidlago's first postconviction motion, so it is not barred as repetitive.  *Id.* at 61(i)(2). Third, Fidlago alleges ineffective assistance of counsel, which could not have been raised on direct appeal, so his motion is not procedurally defaulted.  *Id.* at 61(i)(3).  Furthermore, Fidlago's claims were not formerly adjudicated.  *Id.* at 61(i)(4).

The Record makes clear that (1) Fidlago was not coerced into accepting the plea offer,[6] (2) Trial Counsel's representation did not fall below an objective standard of reasonableness,[7] and (3) Fidlago knowingly, intelligently, and voluntarily admitted he possessed a deadly weapon during the act.[8]

Concerning Fidlago's Motion for Appointment of Postconviction Counsel, Superior Court Criminal Rule 61(e)(3) sets the applicable standard for the appointment of postconviction counsel.[9] The rule affords the Court discretion to appoint counsel *only* if the following conditions are met:

> (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[10]

---

[6] *See* Plea Colloquy Tr. at 7-14, 24-29, ID No. 2111014013, D.I. 12; Plea Colloquy Tr. at 7-14, 24-29, ID No. 2112000947, D.I. 15. The Trial Judge recalls Fidlago's plea colloquy because he told the Court, at the outset, he did not want to accept the plea and felt he was being coerced. Plea Colloquy Tr. at 6:11-16, ID No. 2111014013, D.I. 12; Plea Colloquy Tr. at 6:11-16, ID No. 2112000947, D.I. 15. The Court engaged in a lengthy colloquy with Fidlago and emphasized repeatedly that he did not have to accept a plea. *See* Plea Colloquy Tr. at 6-8, 10-11, 12-13, 24-27, 29, ID No. 2111014013, D.I. 12; Plea Colloquy Tr. at 6-8, 10-11, 12-13, 24-27, 29, ID No. 2112000947, D.I. 15.

[7] *See* State's Resp. at 6, ID No. 2111014013, D.I. 19; State's Resp. at 6, ID No. 2112000947, D.I. 19.

[8] Plea Colloquy Tr. at 15:1-17:4, ID No. 2111014013, D.I. 12; Plea Colloquy Tr. at 15:1-17:4, ID No. 2112000947, D.I. 15. He is bound to the statements he made during his colloquy. *See Palmer v. State*, 2002 WL 31546531, at *1 (Del. 2002) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); Plea Colloquy Tr. at 15, at 28:4-6), ID No. 2111014013, D.I. 12; Plea Colloquy Tr. at 28:4-6, ID No. 2112000947, D.I. 15. ("Have all your answers to the Court today been truthful? . . . [ANSWER:] . . . Yes.)

[9] Super. Ct. Crim. R. 61(e)(3).

[10] *Id.*

The Rule requires that all conditions stated therein be met, so where a defendant fails to meet one condition, he will be ineligible for appointment of postconviction counsel.[11]  Defendant's motion for appointment of counsel fails because Fidlago did not file a direct appeal with the Supreme Court; his claim of ineffective assistance of counsel is without merit; and Fidlago has not presented the Court with any exceptional circumstances that would warrant the appointment of counsel.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge


Original to Prothonotary

cc:     Christina M. Davis, DAG
        Luis Fidlago

---

[11] *State v. Hooker*, 2023 WL 2707227, at *3 (Del. Super. Mar. 29, 2023).