# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                    )
     v.                      )     I.D. No. 2405007192
                                    )
CARLOS M. BATRES       )
                                    )
    Defendant.          )

## <u>ORDER</u>

Submitted:  March 28, 2025
Decided:  April 9, 2025

*Upon Consideration of Defendant's Motion to Withdraw a Guilty Plea,*
**DENIED.**

Mary E. Batten, Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

Eric G. Mooney, Esquire, *Trial Counsel*

Carlos M. Batres, *Pro Se.*

**CONNER, J.**

Now this 9th day of April, 2025, upon consideration of Defendant's, Carlos M. Batres, Motion to Withdraw a Guilty Plea, the response from Eric G. Mooney, Esq., ("Mr. Mooney"), and the State's response, it appears to the Court that:

Defendant Carlos M. Batres pled guilty to one count of Endangering the Welfare of a Child on February 19, 2025. On February 26, 2025, Defendant filed a letter to this Court which is essentially a *pro se* Motion to Withdraw a Guilty Plea. On March 14, 2025, Defendant's counsel, Mr. Mooney submitted his response. On March 28, 2025, the State of Delaware ("the State") submitted its response. The Court has also reviewed the "Plea Colloquy and Sentencing" transcript dated February 19, 2025. For the reasons set forth below, the Motion is **DENIED.**

## FACTUAL AND PROCEDURAL HISTORY

On May 14, 2024, Defendant was charged with Endangering the Welfare of a Child, in violation of 11 *Del. C.* § 1102, and Child Abuse in the Third Degree, in violation of 11 *Del. C.* § 1103. Defendant also is involved in an unresolved parallel matter in Family Court. On February 19, 2025, Defendant pleaded guilty to Endangering the Welfare of a Child in exchange for the State dropping the other charge. The plea included a no-contact order unless pursuant to a Family Court order and a requirement Defendant complete a parenting class. As Defendant had already completed the course at the time of the plea, this Court accepted proof of completion as fulfilling that requirement.

Mr. Mooney has been Defendant's attorney since September 6, 2024. To secure this plea, Mr. Mooney coordinated terms and conditions with the State and Defendant's Family Court attorney for the Family Court matter.

A review of the transcript reveals Defendant answered that he was freely and voluntarily deciding to plead guilty to Endangering the Welfare of a Child. Defendant stated that no one forced him to enter into the plea agreement. Defendant also indicated that he was satisfied with his lawyer's representation and that his lawyer fully advised him of his rights. When asked if he committed the offense, Defendant said "I spanked his ass or butt."

In Defendant's "motion," he claims that Mr. Mooney pressured him to take the plea by stating that Defendant will lose his children, may go to jail, and his fiancée may have a warrant for Defendant's failure to show up to court. Defendant now asserts he is innocent in this case and that the plea ". . . has only caused more of a family burden on me."

Mr. Mooney explained that Defendant told him his fiancée broke up with him because he entered a plea and he therefore wished to withdraw it. Mr. Mooney informed Defendant that such consequence is not a basis for withdrawal, especially since there is an active no-contact order, and that the course and scope of Mr. Mooney's representation of Defendant has ended.

# ANALYSIS

Under Superior Court Criminal Rule 32(d), a Defendant may withdraw a plea of guilty by motion before imposition or suspension of a sentence upon a showing by clear and convincing evidence of "any fair and just reason."[1]  "Only those cases in which the Court determines that 'the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights should the judge grant the defendant's request to withdraw his guilty plea.'"[2]  A plea is involuntary where the Defendant can show duress, coercion, or error by his trial counsel.[3]  In reviewing these motions, Courts have considered the following factors:

(a)  Was there a procedural defect in taking the plea;

(b)  Did the Defendant knowingly and voluntarily consent to the plea agreement;

(c)  Does the Defendant presently have a basis to assert legal innocence;

(d)  Did the Defendant have adequate legal counsel throughout the proceedings; and,

---

[1] *State v. Anderson*, 2013 WL 1091211, at *2 (Del. Super. Feb. 26, 2013) (quoting Super. Ct. Crim. R. 32(d)).

[2] *State v. Schofield*, 2011 WL 882838, at *5 (Del. Super. Mar. 14, 2011) (citing *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007)).

[3] *State v. Anderson*, 2013 WL 1091211, at *2 (Del. Super. Feb. 26, 2013) (citing *Collins v. State*, 53 A.3d 301 (Table) (Del. 2012)).

(f) Does granting the motion prejudice the State or unduly inconvenience the Court.[4]

"A defendant's statements made during a plea colloquy are presumed to be truthful."[5] "Where the defendant has signed his Truth-in-Sentencing Guilty Plea Forms and has answered at the plea colloquy that he understands the effects of the plea, the defendant must show by clear and convincing evidence that he did not sign those forms knowingly and voluntarily."[6]

Defendant has not demonstrated by clear and convincing evidence a fair and just reason for the Court to withdraw his guilty plea. Defendant filled out the Truth-In-Sentencing Guilty Plea Form. The Plea Colloquy asked all necessary questions and Defendant answered all of them truthfully to this Court's satisfaction. Defendant now claims his plea was not voluntary because Mr. Mooney improperly coerced him by warning him of the legal consequences he was facing. However, that warning on its own is not evidence of coercion. That warning is a necessary part of making sure Defendant knew his legal rights so that he could knowingly enter the plea. Although Defendant now asserts his innocence, Defendant has already knowingly and voluntarily admitted his guilt. Furthermore, while the Court echoes Mr. Mooney's

---

[4] *State v. Friend*, 1994 WL 234120, at *1–2 (Del. Super. May 12, 1994).
[5] *State v. Schofield*, 2011 WL 882838, at *5 (Del. Super. Mar. 14, 2011) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).
[6] *Id.* (citing *Savage v. State*, 815 A.2d 349 (Table) (Del. 2003)).

sentiment that the impact to Defendant's relationship is extremely unfortunate, the Court agrees that it does not form a legal basis for a plea withdraw.

## CONCLUSION

For the reasons stated above, Defendant has not shown by clear and convincing evidence that a fair and just reason exists for the Court to withdraw his guilty plea.  Therefore, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

xc:  Prothonotary