IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY D. FLEMING, | § | |
| | § | No. 237, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2209010479 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 24, 2025
Decided: January 15, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Leroy Fleming appeals the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fleming's opening brief that his appeal is without merit. We agree and affirm.

(2)    In December 2022, a Superior Court grand jury indicted Fleming for one count of possession of a firearm during the commission of a felony ("PFDCF"), two counts of possession of firearm by person prohibited, one count of drug dealing, one count of carrying a concealed deadly weapon, one count of receiving a stolen

firearm, one count of possession of ammunition by a person prohibited, one count of drug possession, one count of possession of drug paraphernalia, and two motor vehicle offenses. On February 28, 2024, Fleming pleaded guilty to one count of PFDCF. In exchange for his guilty plea, the State dismissed the remaining charges in the indictment and agreed to cap its sentencing recommendation at five years of unsuspended incarceration. The Superior Court immediately sentenced Fleming to 25 years of incarceration, suspended after 5 years followed by decreasing levels of community supervision. Fleming's direct appeal was dismissed as untimely.[1]

(3) In April 2024, Fleming moved for postconviction relief under Superior Court Criminal Rule 61, raising various ineffective-assistance-of-counsel claims. The Superior Court referred Fleming's motion to a Superior Court commissioner. After expanding the record with briefing and an affidavit from trial counsel, the commissioner recommended that Fleming's motion for postconviction relief be denied. Fleming did not file any objections to the commissioner's report, and the Superior Court thereafter adopted the commissioner's report and recommendation in its entirety. This appeal followed.

(4) We review the Superior Court's denial of postconviction relief for abuse of discretion.[2] We review *de novo* claims of constitutional violations,

---

[1] *Fleming v. State*, 2024 WL 2737472 (Del. May 24, 2024).
[2] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

including claims of ineffective assistance of counsel.[3] In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness,[4] and (ii) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[5] In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[6]

(5) In his opening brief on appeal, Fleming argues, as he did below, that: (i) trial counsel was ineffective because she failed to investigate his case, file a motion to suppress, or review the State's evidence with him; and (ii) he pleaded guilty under duress because of his "failing health."[7] After careful review, we find Fleming's arguments to be unavailing.

(6) Trial counsel squarely addressed Fleming's claims of ineffective assistance of counsel in her affidavit filed in response to Fleming's motion for postconviction relief. Trial counsel advised the court that, after consulting with colleagues and researching the applicable law, she concluded that a motion to suppress would likely be unsuccessful. Instead of filing what she determined would

---

[3] *Id.*
[4] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[5] *Id.* at 694.
[6] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).
[7] Opening Br. at 6.

3

be a fruitless motion, counsel focused her efforts on securing a favorable plea deal for Fleming. Trial counsel also averred that she reviewed all of the discovery that she received from the State with Fleming. We agree with the Superior Court that Fleming has failed to establish that counsel's performance fell below an objective standard of reasonableness.

(7) We also agree with the Superior Court that Fleming has failed to establish that his guilty plea was involuntary. To the extent that Fleming couches this claim as a claim of ineffective assistance of counsel, counsel opined that, in her professional opinion and despite Fleming's physical discomfort at the time of the plea colloquy, he was legally competent to plead guilty and his plea was knowing and voluntary. Moreover, the plea colloquy belies Fleming's argument that he was dissatisfied with counsel's performance or that he was under medical duress when he pleaded guilty. Before the court accepted Fleming's guilty plea, Fleming acknowledged that: (i) he was knowingly and voluntarily pleading guilty to PFDCF; (ii) he was, in fact, guilty of PFDCF; (iii) he faced a maximum penalty of 25 years in prison; and (iv) he was satisfied with trial counsel's advocacy on his behalf. Upon questioning by the Superior Court judge, Fleming admitted that he was in some physical discomfort because of "some blood pressure issues," but that, as the judge observed, he was nevertheless able to understand the plea colloquy.[8] Absent clear

---

[8] Mot. to Affirm, Ex. E.

4

and convincing evidence to the contrary, which he has not shown, Fleming "is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea."[9]  We also note that Fleming exercised his opportunity to address the court directly before sentencing and asked for leniency in light of the recent deaths of his mother and father-in-law; he did not, however, inform the court that he was unable to enter his plea voluntarily because of his ongoing health problems.  Finally, we would be remiss if we did not observe, as the Superior Court did, that Fleming received a substantial benefit by pleading guilty.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[9] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).