**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | ID#1308004342 |
| v. | ) | ID#1005013493 |
| | ) | |
| DEVON D. REED, | ) | |
| | ) | |
| Defendant | ) | |

Submitted: October 10, 2016
Decided: November 29, 2016

On Defendant's Amended Motion for Postconviction Relief. **DENIED.**

On Defendant's Motion for Appointment of Counsel. **DENIED AS MOOT.**

# <u>ORDER</u>

Barzilai K. Axelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State in Crim. ID. No. 1308004342.

Mark A. Denney, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State in Crim. ID. No. 1005013493.

Devon D. Reed, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 29th day of November 2016, upon consideration of Defendant's *pro se* Amended Motion for Postconviction Relief[1] and *pro se* Motion for Appointment of Counsel, it appears to the Court that:

## I. FACTUAL AND PROCEDURAL HISTORY

### A. *Defendant's May 24, 2011 Convictions*

1. On May 24, 2011, Defendant pleaded guilty to Possession with Intent to Deliver Heroin, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Reckless Endangering First Degree.[2] With respect to the Possession with Intent to Deliver Heroin charge, Defendant was sentenced to five years at Level V supervision, suspended for eighteen months at Level III supervision. With respect to the PFBPP charge, Defendant was sentenced to three years at Level V supervision. With repect to the Reckless Endangering First Degree charge, Defendant was sentenced to five years at Level V supervision, suspended for eighteen months at Level III.

### B. *Defendant's January 9, 2014 Convictions*

2. On January 9, 2014, in a separate matter,[3] Defendant entered into a plea agreement with the state, pursuant to which, *inter alia*, he would plead guilty to Drug Dealing and Tampering with Physical Evidence and the State would cap its sentencing recommendation at three years at Level V incarceration. After a plea colloquy, Defendant pleaded guilty to the two crimes.[4] On March 21, 2014, Defendant was sentenced to four years at

---

[1] Defendant's Amended Motion for Postconviction Release encompasses Defendant's two separate Motions for Postconviction Relief made under Criminal ID. Nos. 1005013493 and 1308004342.

[2] This guilty plea was made in connection with Defendant's charges in Criminal ID. No. 1005013493.

[3] This matter was in connection with Defendant's charges in Criminal ID. No. 1308004342.

[4] D.I. 10 (Crim. ID. No. 1308004342).

2

Level V supervision as a habitual offender pursuant to 11 *Del. C.* § 4214(a).[5]

3.     With respect to the January 9, 2014 convictions, Defendant filed three Motions for Modification of Sentence pursuant to Superior Court Criminal Rule 35(a). On May 8, 2014, the Court denied Defendant's first Motion for Modification of Sentence on grounds that the sentence was appropriate for all the reasons stated at the time of sentencing.[6] On July 18, 2014, the Court denied Defendant's second motion on grounds that the motion was procedurally barred, being a repetitive request under Rule 35(b), and that the imposed sentence was appropriate.[7] The Court denied Defendant's most recent motion on December 4, 2014 again on grounds that it was a repetitive motion.[8]

## C. *Defendant's Two Motions for Postconviction Relief and Motion for Appointment of Counsel*

4.     On May 19, 2014, Defendant filed *pro se* a Motion for Postconviction Relief in connection with the January 9, 2014 convictions. On September 29, 2014, Defendant filed *pro se* a separate Motion for Postconviction relief in connection with the May 24, 2011 convictions.[9] On July 6, 2015, Defendant filed a Motion for Appointment of Counsel under the criminal identification number for the January 9, 2014 convictions. On July 21, 2015, this Court notified Defendant that his Motion for Postconviction Relief had been stayed, and therefore counsel would not be appointed at that time. On January 8, 2016, Defendant filed *pro se* an Amended Motion for Postconviction Relief under the criminal identification number for the January 9, 2014 convictions. On June 6, 2016, Defendant filed a second *pro se* Motion for Appointment of Counsel, also under the

---

[5] D.I. 13 (Crim. ID. No. 1308004342).
[6] D.I. 15 (Crim. ID. No. 1308004342).
[7] D.I. 18. (Crim. ID. No. 1308004342).
[8] D.I. 20. (Crim. ID. No. 1308004342).
[9] For some reason, these motions were not referred by the Prothonotary to the undersigned judge at that time.

criminal identification number for the January 9, 2014 convictions.[10]

5.     In Defendant's Amended Motion for Postconviction Relief, Defendant restates the grounds for postconviction relief he previously set forth in his other motions. Defendant moves for postconviction relief on three grounds.

6.     With respect to the January 9, 2014 charges, Defendant makes two claims. Defendant first claims that his trial counsel was ineffective at the sentencing hearing. Defendant claims that his trial counsel was ineffective for "fail[ing] to protect the integrity of the plea, during the March 21, 2014 sentencing hearing."[11] Second, Defendant requests postconviction relief on grounds that the State "fail[ed] to fulfill the integrity (the State's cap agreement) during Reed's March 21, 2014 sentencing hearing."[12]

7.     With respect to the May 24, 2011 charges, Defendant makes one claim. Defendant contends that his guilty plea was not offered knowingly and voluntarily, but was coerced in connection with the irregularities at the Office of the Chief Medical Examiner ("the OCME").[13] On October 11, 2016, Defendant's trial counsel filed an affidavit in response to Defendant's Amended Motion for Postconviction Relief.

---

[10] Super. Ct. Crim. R. 61(e) provides that:

"(2) *First postconviction motions in guilty plea cases.* The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."

[11] Def's. Am. Mot. for Postconviction Relief, at 3.

[12] Def's. Am. Mot. for Postconviction Relief, at 3.

[13] Def's. Am. Mot. for Postconviction Relief, at 4.

4

## II. DISCUSSION

A. *Defendant's Motion for Postconviction Relief with Respect to the January 9, 2014 Conviction*

8. Defendant's first claim that his trial counsel was ineffective is without merit. Under *Strickland v. Washington*, to prevail on an ineffective assistance of counsel claim, Defendant must show (1) that his counsel's performance was deficient and (2) that such deficient performance prejudiced the outcome of his case.[14] Counsel's performance is evaluated on an objective standard of reasonableness,[15] with great deference given to counsel's decisions.[16]

9. In the case at bar, Defendant contends that his trial counsel was ineffective because the Court did not impose the sentence agreed upon in the plea agreement. The record shows that Defendant's trial counsel assisted Defendant with entering into a favorable plea agreement. Defendant's trial counsel stated in his affidavit that he then felt "an argument attempting to persuade the Judge to limit the sentence to a three-year sentence as agreed to between the parties was the most efficient way in which to proceed."[17] However, this Court is not bound by an agreed upon sentence.[18] Because the Court has discretion on whether impose the agreed upon sentence,[19] a sentence in excess of the State's recommendation does not give rise to a claim for ineffective assistance of counsel absent additional facts showing actual deficient performance. Accordingly, Defendant's first claim is without merit.

10. Second, Defendant's claim that he is entitled to postconviction relief because the State "fail[ed] to fulfill the integrity [of the plea agreement] during [Defendant's] March 21, 2014

---

[14] 466 U.S. 668, 669 (1984); s*ee also Ploof v. State*, 75 A.3d 811, 820-21 (Del. 2013).

[15] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013).

[16] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[17] Aff. of Counsel, at 2.

[18] *Somerville v. State*, 703 A.2d 629, 633 (Del. 1997).

[19] *Id.*

5

sentencing hearing" is without merit.[20]  For the reasons stated above, the Court is not bound by the State's recommendation. Accordingly, Defendant's second claim is without merit.

B. *Defendant's Motion for Postconviction Relief with Respect to the May 24, 2011 Charges*

11.  Defendant claims that his guilty plea to Possession with Intent to Deliver Heroin was not voluntary and knowing, but was coerced in connection with the irregularities at the Office of the Chief Medical Examiner and should be vacated.  This claim is also without merit.  As the United States Supreme Court's held in *United States v. Ruiz*, "the Constitution, in respect to defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[21]

12.  Additionally, a guilty plea is akin to a confession before the Court that the defendant committed the crime to which he pleaded guilty.  In *Brown v. State*, the defendant pleaded guilty to drug dealing, but then sought to retract his guilty plea in light of the irregularities at the OCME.[22]  However, the Delaware Supreme Court held that "[the defendant] freely admitted that he possessed heroin and intended to sell it.  Nothing regarding the regrettable problems at the OCME therefore caused any injustice to [the defendant], who confessed that he was guilty of the crimes to which he pleaded guilty."[23]  Accordingly, the Delaware Supreme Court held that the defendant was not entitled to withdraw his guilty plea in light of the irregularities at the OCME.[24]

---

[20] Def's. Am. Mot. for Postconviction Relief, at 3.
[21] *United States v. Ruiz*, 536 U.S. 622, 623 (2002); s*ee also Brown v. State*, 108 A.3d 1201, 1205-06 (Del. 2015).
[22] *Brown*, 108 A.3d at 1205-06.
[23] *Id.* at 1207.
[24] *Id.*

13.     Moreover, the Delaware Supreme Court has held that "if a defendant knowingly pleaded guilty to a drug crime, he could not escape his plea by arguing that had he known that the OCME had problems, he would not have admitted to his criminal misconduct in possessing illegal narcotics."[25] In various cases before the Delaware Supreme Court, defendants have sought vacatur of their guilty pleas following the irregularities at the OCME.[26] However, the Supreme Court has ruled in those cases, one of which which globally affirmed forty-five denials of Motions for Postconviction Relief that made similar claims,[27] that the issues at the OCME are not grounds for vacatur of a finding of guilt after the defendants pleaded guilty.[28]

14.     In the case at bar, Defendant has offered no evidence to suggest that his plea was coerced. The irregularities at the Office of the Chief Medical Examiner involved employees removing controlled substances from their containers.[29] No evidence has been found, and Defendant has alleged no facts, that would suggest that those involved with the irregularities at the OCME engaged in coercing confessions from defendants. Additionally, like the defendant in *Brown*, Defendant offered a knowing and voluntary guilty plea to the Court, which the Court may accept as a confession that he is guilty of the crimes to which he pleaded guilty. Further, the Delaware Supreme Court has held numerous times that the mishandling of drug evidence at the OCME does not warrant vacatur of a guilty plea. Accordingly, Defendant's claim that his guilty plea should be vacated is without merit.

---

[25] *Aricidiacono v. State*, 125 A.3d 677, 678 (Del. 2015).
[26] *See, e.g.*, *Brown v. State*, 108 A.3d 1201 (Del. 2015); *Aricidiacono v. State*, 125 A.3d 677 (Del. 2015); *Brewer v. State*, 2015 WL 4606541 (Del. July 30, 2015).
[27] *Aricidiacono v. State*, 125 A.3d 677 (Del. 2015).
[28] *Id*.
[29] *Id.*

7

### III. CONCLUSION

Therefore, Defendant's Amended Motion for Postconviction Relief is **DENIED**.

Defendant's Amended Motion for Postconviction Relief[30] being denied, Defendant's Motion for Appointment of Counsel is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

/s/ *Richard R. Cooch*

Richard R. Cooch, R.J.

oc:   Prothonotary
cc:   Investigative Services

---

[30] In denying Defendant's Amended Motion for Postconviction Relief, which stated Defendant's arguments for postconviction relief in both Criminal Identification Numbers 1005013493 and 1308004342, this Order addresses both Motions for Postconviction Relief previously filed under those Criminal Identification Numbers.