IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD R. WEST SR., | § | |
| | § | No. 336, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1607011887 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 9, 2021
Decided: October 4, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Donald West, filed this appeal from the Superior Court's August 27, 2020 modified sentencing order.  Having carefully reviewed the parties' positions on appeal, we conclude that the matter must be remanded to the Superior Court for review of West's sentence.

(2)     On December 8, 2016, West resolved two pending criminal cases by pleading guilty to (i) one count of second-degree robbery (the "First Count") in Criminal ID No. 1607010595 and (ii) one count of second-degree robbery (the

"Second Count") and one count of resisting arrest in Criminal ID No. 10607011887.[1]

The Superior Court deferred sentencing and ordered a presentence investigation.

(3)     On March 3, 2017, West appeared before the Superior Court for sentencing.  The sentencing transcript reflects that the Superior Court sentenced West as follows: (i) for the First Count, to five years of Level V incarceration; (ii) for the Second Count, to five years of Level V incarceration, suspended upon the successful completion of the Key Program for the successful completion of the Level IV Crest Program for one year of Level III probation; and (iii) for resisting arrest, to two years of Level V incarceration, suspended for one year of Level III probation. The sentencing judge clarified that it was acceptable to the court that West could serve the Key portion of his sentence during his Level V sentence for the First Count:

> So I'll place this on the record, so to avoid any confusion in the future. If [DOC] would like to place Mr. West in Key before the completion of his five years on the [First Count], that's acceptable to the Court, potential[ly] he would only serve five years if he did the Key. There is no requirement that he serve five years then Key. He may go to Key at any time and complete it.[2]

However, the Superior Court's written sentencing order, while mirroring the sentences for Count One and resisting arrest as stated by the sentencing judge in

---

[1] In exchange for his plea, the State also dismissed charges pending against West in a third case, Criminal ID No. 1607011907.

[2] March 3, 2017 Sentencing Transcript, pp. 18-19.  The sentencing transcript reflects the parties' shared concern that West—who did not receive substance abuse treatment during a prior term of incarceration—receive help for his dependency issues as part of the court's sentence.

2

open court, reflects that the Superior Court sentenced West for the Second Count to five years of Level V incarceration, suspended after two years, suspended after the successful completion of the Key Program for the successful completion of the Level IV Crest Program for one year of Level III probation. Accordingly, the Superior Court's sentencing order suspended the five years on the Second Count after two years, even if West did not successfully complete the Key Program. West did not appeal his convictions or sentence.

(4) Starting in April 2019, West began writing to the Superior Court, asking for his sentence to be modified to permit the Department of Correction ("DOC") to place him in a drug treatment program. The Superior Court addressed West's concerns in various ways. First, on November 26, 2019, the Superior Court modified West's sentence on the Second Count to five years of Level V incarceration, suspended after two years *and* the successful completion of any Level V inpatient drug treatment program.[3] On December 19, 2019, the Superior Court corrected this sentencing order. Under the corrected order, the Superior Court sentenced West for the Second Count to five years of Level V incarceration, suspended after the

___

[3] Although the modified sentence did not reference any Level IV time, the "notes" section of the sentencing order reads, "the sentence order dated 03/03/2017 is hereby modified to reflect the change to an inpatient drug treatment program from Key and Level 4 probation to DOC discretion."

3

successful completion of a Level V inpatient drug treatment program for Level IV DOC discretion, suspended after six months for one year of Level III probation.

(5)     West continued to write to the Superior Court, asking the court to modify his sentence to specify a drug treatment program and to eliminate the term of Level IV supervision to allow him to transfer his probationary term to another state.  West also expressed his concern that the court seemed to have inadvertently added a term of two years of Level V time to his overall sentence.

(6)     On August 26, 2020, the sentencing judge wrote to West, noting that because it was unclear when West may be able to participate in the Key/Crest Programs in light of the shutdowns caused by the COVID-19 pandemic, he was going to modify West's sentence on the Second Count to five years of Level V incarceration, suspended after two years.   A modified order reflecting this change was entered on August 27, 2020.  This appeal followed.

(7)     West presents three arguments on appeal: (i) he is innocent of the underlying charges; (ii) ineffective assistance of counsel; and (iii) the Superior Court erred when it modified West's sentence *in absentia*.

(8)     We review West's first two arguments, which attack the validity of his conviction, for plain error because West did not raise them below.[4]  To constitute plain error, the alleged defect "must be so clearly prejudicial to [the defendant's]

[4] Del. Supr. Ct. R. 8.

4

substantial rights as to jeopardize the fairness and integrity of the trial process."[5] We find no plain error here: the transcript of the guilty plea colloquy reflects that West (i) knowingly, intelligently, and voluntarily pleaded guilty and (ii) was satisfied with trial counsel's representation.[6]

(9) Turning to West's claim that the Superior Court erred when it modified his sentence and effectively increased his term of Level V incarceration *in absentia*, we find it difficult to discern—in light of the various modified and corrected sentencing orders in this case—how the Superior Court intended to modify West's sentence.[7] But we do find it clear that the Superior Court's November 26, 2019 modified sentencing order increased the Level V portion of West's sentence that he was required to serve, and West was entitled to be present in court when the court modified his sentence in this manner. Given the apparent discrepancies between the Superior Court's intended modifications and the text of the various modified sentencing orders, we conclude that the best course of action is to remand for a review of West's sentence in open court. West is entitled to be present and represented by counsel when the Superior Court reviews his sentence.

---

[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[6] *See Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("With or without the witness oath, a defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful.").

[7] For its part, the State concedes that there are apparent discrepancies between the court's intended modifications and the text of the modified sentencing order, and it asks for a limited remand under Superior Court Criminal Rule 36 to correct any "oversight or omission."

NOW, THEREFORE, IT IS HEREBY ORDERED that the matter is REMANDED to the Superior Court for further proceedings consistent with this Order.  Jurisdiction is not retained.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice