IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER BELAIR,          §
                             § No. 271, 2020
    Defendant Below,         §
    Appellant,               §
                             §
    v.                       § Court Below–Superior Court
                             § of the State of Delaware
STATE OF DELAWARE,           §
                             § Cr. ID No. 1507018901 (S)
    Plaintiff Below,         §
    Appellee.                §

Submitted: July 23, 2021
Decided: October 4, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Christopher Belair appeals the Superior Court's August 3, 2020 order denying his motion for correction of an illegal sentence. Having carefully reviewed the parties' positions on appeal, we conclude that the Superior Court's judgment must be affirmed.

(2)    The record reflects that on May 9, 2016, Belair pleaded guilty to one count of sexual solicitation of a child and one count of fourth-degree rape. Following a presentence investigation, the Superior Court sentenced Belair as follows: (i) for sexual solicitation of a child, to twenty-five years of Level V incarceration,

suspended after fifteen years and successful completion of the Transitions Program for six months of Level IV supervision (work release) followed by two years of Level III probation; and (ii) for fourth-degree rape, to ten years of Level V incarceration, suspended after twenty-two months for two years of Level III probation. The Superior Court also imposed the agreed-upon conditions of the plea agreement, including the condition that Belair cannot own or possess any electronic equipment that has the ability to access the internet while on probation (the "Internet Condition"). Belair did not appeal his convictions or sentence.

(3) On May 13, 2020, Belair filed a motion for correction of an illegal sentence. Citing *Packingham v. North Carolina*,[1] Belair argued that his sentence is illegal because the Internet Condition violates his First Amendment right to freedom of speech. The Superior Court denied the motion, finding that the Internet Condition was imposed as part of a negotiated plea agreement and distinguishing *Packingham*. This appeal followed.

(4) On appeal, Belair reiterates his argument that the Internet Condition violates his First Amendment right to freedom of speech and contends that the Superior Court abused its discretion by denying his motion for transcripts. Belair's claims are unavailing.

---

[1] 137 S. Ct. 1730 (2017).

(5) Belair's constitutional claim fails for two reasons. First, the Internet Condition was imposed pursuant to a plea agreement negotiated by defense counsel and the prosecutor. "Plea agreements are undertaken for mutual advantage and governed by contract principles."[2] It follows that, under Delaware law, a voluntary guilty plea operates as a waiver of constitutional claims that could have been raised prior to the entry of the plea.[3] Here, Belair benefited from the plea agreement because the State dismissed the remaining twelve charges in his case and agreed to cap its sentencing recommendation at thirty years. In exchange, the State secured Belair's convictions for sexual solicitation of a child and fourth-degree rape as well as the imposition of several conditions—including the Internet Condition. Because Belair agreed to the Internet Condition, we will not set it aside.[4]

(6) Second, the Superior Court correctly distinguished *Packingham*. In *Packingham*, the United States Supreme Court found that a statute criminalizing registered sex offenders' access to certain websites impermissibly restricted lawful speech in violation of the First Amendment. But Belair is not just any sex offender, he is a sex offender who acknowledged using the internet to sexually solicit a child.

---

[2] *Scarborough v. State*, 945 A.2d 1103, 1112 (Del. 2008) (internal quotation marks and citation omitted).

[3] *Somerville v. State*, 703 A.2d 629, 631-32 (Del. 1997).

[4] *See Lanzo v. State*, 2015 WL 5120872 (Del. Aug. 28, 2015) (holding that the defendant, by pleading guilty, had waived any argument that his sentence was illegal because the parties agreed that the defendant would serve separate sentences for aggravated possession and drug dealing—even though those convictions would have merged for sentencing purposes had the defendant been found guilty after a trial).

3

And the Internet Condition is not a blanket ban on Belair's future use of the internet—it only applies to his two-and-one-half-year term of probation. Accordingly, the *Packingham* holding is inapplicable here.[5]

(7) Finally, the Superior Court did not abuse its discretion by denying Belair's request for transcripts. The issue on appeal in this case solely involves a legal question, and because no factual issues were raised, transcripts were unnecessary.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] Although we find no merit to Belair's constitutional claim, we have previously articulated a discomfort with total internet bans in light of the nature of today's economy. *Wilkerson v. State*, 2017 WL 5450747, at *2 n. 10 (Del. Nov. 13, 2017). And we note that it is possible that the Internet Condition may impede Belair's rehabilitation and safe re-entry into society by, for example, prohibiting him from using the internet to seek employment. When Belair is released to probation, he may file a motion to modify the terms of his probation with the Superior Court under Rule 35(b), which allows the Superior Court to modify a condition of probation at any time. Any request to modify the Internet Condition should be narrowly tailored, and Belair would be well advised to consult with the Department of Correction before filing any such request.

[6] *Rogers v. State*, 1997 WL 683296, at *2 (Del. Oct. 29, 1997).