IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS ROBLES, | § | |
| | § | No. 263, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1601002267 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 22, 2023
Decided: February 5, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's order denying the appellant's first motion for postconviction relief. The appellant's motion, filed six years after his convictions became final, was procedurally barred as untimely filed.[1] And, contrary to his claims on appeal, neither the appellant's co-defendant's purported recantation nor the appellant's mental health treatment records constitutes new evidence that the appellant is actually innocent of the crimes to which he

---

[1] Del. Super. Ct. Crim. R. 61(i)(1).

knowingly, intelligently, and voluntarily pleaded guilty.[2]  Under the circumstances

presented here, we also find that the Superior Court did not abuse its discretion when

it denied the appellant's motions for transcripts and discovery.[3]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is

GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("In the absence of clear and convincing evidence to the contrary, [a defendant] is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea.").
[3] *See Miller v. State*, 2008 WL 623236, at *2 (Del. Mar. 7, 2008) (observing that an indigent defendant does not have an absolute right to transcripts prepared at State expense in postconviction proceedings).