IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN KIMBROUGH, | § | |
| | § | No. 360, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1904013731 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 12, 2024
Decided: April 26, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Kevin Kimbrough, appeals the Superior Court's denial of his first motion for postconviction relief.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kimbrough's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In July 2019, a Superior Court grand jury charged Kimbrough by indictment with attempted first-degree murder, attempted first-degree carjacking, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and first-degree unlawful imprisonment.  On November 27, 2019, Kimbrough

pleaded guilty to first-degree assault as a lesser-included offense of attempted first-degree murder, PDWDCF, and first-degree unlawful imprisonment. Following a presentence investigation, the Superior Court sentenced Kimbrough to 30 years and 6 months of unsuspended incarceration, followed by decreasing levels of supervision. When announcing Kimbrough's sentence, the court cited "at least" seven aggravating factors and noted the absence of any mitigating factors.[1] Kimbrough did not appeal his convictions or sentence.

(3) In May 2020, Kimbrough filed a motion for sentence modification. The Superior Court denied the motion, finding that the sentence remained appropriate for the reasons stated at sentencing. Kimbrough did not appeal.

(4) In March 2021, Kimbrough filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61. Kimbrough argued that trial counsel was ineffective for failing to explore a justification defense, his plea was coerced, and the plea agreement had been breached. After expanding the record with briefing and an affidavit from trial counsel, a Superior Court commissioner recommended that the Superior Court deny Kimbrough's motion as procedurally barred and meritless.[2] Kimbrough did not file any objections to the commissioner's report, and

---

[1] State's Mot. to Affirm, Ex. H at 12.
[2] *Id.*, Ex. B at 10.

2

the Superior Court thereafter adopted the commissioner's report and recommendation in its entirety. This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion.[3] We review *de novo* claims of constitutional violations, including claims of ineffective assistance of counsel.[4] In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness,[5] and (ii) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[6] In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[7]

(6) In his opening brief on appeal, Kimbrough argues: (i) the Superior Court erred when it adopted the commissioner's report in its entirety because his claims were not procedurally barred; (ii) his plea was coerced; and (iii) because his plea was coerced, Kimbrough is entitled to a "return of the 4–10 year non-mandatory plea bargain that his counsel advised him to accept."[8] As a preliminary matter,

---

[3] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[4] *Id.*
[5] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[6] *Id.* at 694.
[7] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).
[8] Opening Br. at 20.

3

Kimbrough is correct that his claims were not procedurally barred.[9] But we nevertheless affirm the Superior Court's denial of his motion for postconviction relief on the independent and alternative basis that his claims are without merit.[10]

(7) Kimbrough claims that trial counsel "instructed him to accept a plea offer of 4–10 years' incarceration." This argument is belied by the record. As the plea agreement paperwork makes clear, the parties agreed to defer sentencing until after a presentence investigation, and the State did not agree to cap its sentencing recommendation to any period of time, much less 10 years. Indeed, Kimbrough's reference to a 4–10 timeframe appears to have been taken from the Truth-in-Sentencing ("TIS") Guilty Plea Form, which listed the TIS sentencing guidelines (2–5 years each for attempted first-degree assault and PDWDCF). Simply put, the terms of the plea agreement were not breached.

(8) We have closely reviewed the record—including trial counsel's affidavit, the guilty-plea colloquy transcript, and the sentencing transcript—and conclude that Kimbrough's claim that his plea was coerced is without merit. Before the court accepted Kimbrough's guilty plea, Kimbrough acknowledged that: (i) he

---

[9] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent."); Del. Super. Ct. Crim. R. 32(d) (providing that any motion to set aside a plea after a defendant has been sentenced must be made under Rule 61).

[10] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a trial court's judgment on the basis of a different rationale than that relied upon by the trial court).

was guilty of first-degree assault, PDWDCF, and unlawful imprisonment; (ii) he faced a maximum penalty of 52 years in prison and that sentencing would be scheduled for a later date; and (iii) he was satisfied trial counsel's advocacy on his behalf. Absent clear and convincing evidence to the contrary, Kimbrough "is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea."[11] We note that Kimbrough received a substantial benefit by pleading guilty. Had Kimbrough proceeded to trial, it is probable that he would have been found guilty of the charged offenses—given, among other evidence, the victim's statement to the investigating officer that she was attacked at knifepoint by an unknown man (identified as Kimbrough by an eyewitness) who repeatedly stabbed her as he demanded her car keys. If so convicted, Kimbrough faced a possible life sentence.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[11] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

5